UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:                                              Chapter 11 Case

MAGNUM CONSTRUCTION MANAGEMENT,                     Case No.: 19-_____
LLC f/k/a Munilla Construction Management, LLC, [1]

     Debtor.
_____/

**DEBTOR'S EMERGENCY MOTION (I) TO SET THE BAR DATES FOR FILING
PROOFS OF CLAIMS AND INTERESTS; (II) TO ESTIMATE CLAIMS; AND
(III) FOR APPROVAL OF (A) FORM AND MANNER OF NOTICE OF
COMMENCEMENT OF CHAPTER 11 BANKRUPTCY CASE AND
(B) FORM FOR FILING PROOFS OF CLAIM**
<u>(Emergency Hearing Requested)</u>

<u>**Statement of Exigent Circumstances**</u>

By this Motion, the Debtor seeks entry of an order (i) setting the bar date for the filing of Proofs of Claim (including claims under 11 U.S.C. § 503(b)(9)) and Interests, (ii) directing estimation of claims scheduled as contingent, unliquidated or disputed at or before confirmation, and (iii) approving the (a) form and manner of notice of the commencement of this chapter 11 case, and (b) form for filing Proofs of Claim. The emergency arises because the Debtor wishes to proceed on an expedited confirmation track and, as part of that expedited process, provide creditors notice of the commencement of this chapter 11 case and the bar date for the filing of Proofs of Claim. The Debtor reasonably believes that a hearing to consider the relief requested must be held as soon as the Court's calendar will permit. The Debtor respectfully requests that the Court waive the provisions of Local Rule 9075-1 (B) which requires an affirmative statement that a bona fide effort was made in order to resolve the issues raised in this motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

Magnum Construction Management, LLC, f/k/a Munilla Construction Management, LLC

(the "<u>Debtor</u>"), by and through its proposed undersigned counsel, files this *Debtor's Emergency*

*Motion (I) to Set the Bar Dates for Filing Proofs of Claims and Interests; (II) to Estimate*

*Claims; and (III) For Approval of (A) Form and Manner of Notice of Commencement of Case*

---

[1]   The Debtor's address is 6201 SW 70th Street, 1st Floor, Miami, FL 33143.  The last four digits of the Debtor's federal tax identification number are 3403.

*and (B) Form for Filing Proofs of Claim* (the "Motion").  The Motion requests the entry of an order setting the bar dates for creditors (including creditors filing claims under 11 U.S.C. § 503(b)(9)), estimating claims scheduled as contingent, unliquidated or disputed at or before confirmation, and approving the form and manner of notice of the commencement of this chapter 11 case and the form for filing Proofs of Claim.  In support of this Motion, the Debtor relies upon the *Declaration of Debtor's Chief Financial Officer in Support of First Day Pleadings* (the "First Day Declaration") and respectfully represents as follows:

### Jurisdiction

1.      This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1408.

3.      The statutory predicates for the relief sought herein are sections 105(a) and 502(c) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2002(a)(7), 3003(c)(3), 3018(a), 6003 and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3003-1(A) and (B).

### Background

4.      On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5.      The Debtor is operating its business and managing its affairs as debtor-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

6.      For a detailed description of the Debtor and its operations, the Debtor respectfully refers the Court and parties in interest to the First Day Declaration.

8714356-2

## Relief Requested and Basis Therefor

7.      The Debtor respectfully requests entry of an order setting the Bar Date for the filing of Claims (including claims under 11 U.S.C. § 503(b)(9)) and Interests, estimating Claims, and an approving the form and manner of notice of the commencement of this chapter 11 case and form for filing Proofs of Claim.

### A.      Proposed Bar Date Setting

8.      The Debtor requests that the Court set the Claims (including those filed by 503(b)(9) claimants) and Interests Bar Date to April 19, 2019, and the Governmental Unit (as defined in section 101(27) of the Bankruptcy Code) bar date to August 28, 2019. On the Petition Date, the Debtor filed its chapter 11 Plan.  Absent an order authorizing the relief requested herein, the Claims and Interests Bar Date will be set 90 days after the 341 meeting of creditors. Local Rule 3003-1(A). Given that the Debtor intends to expeditiously seek approval of the Disclosure Statement and confirmation of its chapter 11 Plan, and then continue operating its business outside of bankruptcy, the Debtor respectfully submits that the Bar Date for filing Claims (including those filed by § 503(b)(9) claimants) and Interests should be set for April 19, 2019, and the Governmental Unit Bar Date set for August 28, 2019.

9.      The Court has the authority to set the Bar Dates as requested herein. Section 105(a) provides that the Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a). Bankruptcy Rule 3003(c)(3) provides, in part, that the court shall fix the time within which Proofs of Claim or Interest may be filed. Fed. R. Bankr. P. 3003(c)(3). Local Rule 3003-1(A) provides, in relevant part, that *"[u]nless otherwise ordered by the court*, … the deadline for filing a proof of claim or interest required by Bankruptcy Rule 3003(c)(2) shall be 90 days after the first date

scheduled for the meeting of creditors." Local Rule 3003-1(A) (emphasis added). The deadline requested herein for filing proofs of claim and interests for non-governmental units is shorter than what would normally be set under Local Rule 3003-1(A). Courts in this District have set the deadline for the filing of Proofs of Claim or Interests than would otherwise be the case under Local Rule 3003-1(A) where, like here, chapter 11 plans have been filed on the first day of a chapter 11 case and the debtor has sought to fast-track confirmation. *See, e.g., In re Trigeant, Ltd.,* No. 14-30727-EPK (Bankr. S.D. Fla. Sept. 24, 2014) [ECF No. 32] (due to debtors' filing plan and disclosure statement on first day of chapter 11 cases court shortened deadline for creditors and governmental units to file claims).[2]

### B.    Estimating Claims

10.    The Debtor requests that the Court estimate Claims scheduled as contingent, unliquidated or disputed at or before confirmation of the Plan. Section 502(c) of the Bankruptcy Code and Bankruptcy Rule 3018 provide the substantive and procedural mechanism, respectively, for the Court to estimate Claims the Debtor schedules as contingent, unliquidated or disputed at or before confirmation of the Plan.  Section 502(c) provides, in part, for the estimation of Claims for purpose of allowance "any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case…." 11 U.S.C. § 502(c)(1). Bankruptcy Rule 3018(a) provides, in part, that the Court "may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a). Estimating claims so that creditors can vote on the Plan by the deadline to be set by the Court will facilitate the expedited confirmation process contemplated by the Debtor in this chapter 11 case.

---

[2] Bankruptcy Rule 2002(a)(7) provides, in part, that the Court can authorize the debtor to give notice of the deadline for filing claims on 21 days' notice. Fed. R. Bankr. P. 2002(a)(7).

4

8714356-2

C.        **Parties Required to File Proofs of Claim**

11.        The Debtor proposes that the deadline requested herein to file a Proof of Claim (including claims under 11 U.S.C. § 503(b)(9)) or Interest apply to all Persons or Entities or Interest (each as defined in sections 101(41) and 101(15) of the Bankruptcy Code) holding Claims against the Debtor (whether secured, priority or unsecured) that arose prior to the Petition Date, including, but not limited to the following:

    a.        Any Person or Entity whose Claim is listed as "disputed," "contingent," or "unliquidated" in the Debtor's Schedules (the "Schedules") and that desires to assert a Claim against the Debtor that would entitle the claimant to vote on any plan of reorganization or participate in any distribution under such plan;

    b.        Any Person or Entity who believes its Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to assert its Claim in a classification or amount other than as set forth in the Schedules;

    c.        Any Person or Entity whose Claim is not listed in the Debtor's Schedules.

12.        The Debtor requests that it retains the right to: (a) dispute, contest, setoff, recoup, and assert any defenses, counterclaims or subordination against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise; or (b) subsequently designate any claim as disputed, contingent, or unliquidated.

13.        The Debtor further requests that pursuant to Bankruptcy Rule 3003(c)(2), any Person or Entity that is required to file a Proof of Claim but fails to do so in a timely manner shall be forever barred, estopped, and enjoined from:  (a) asserting any Claim against the Debtor

that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (any such Claim referred to as an "Unscheduled Claim"); and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in this Chapter 11 case in respect of an Unscheduled Claim.

### D.  Procedures for Filing Proofs of Claim

14.    In providing notice of the Bar Dates, the Debtor will provide to holders of Claims a customized proof of claim form (the "Proof of Claim Form") similar in form to that attached hereto as **Exhibit "A."**   Subject to Court approval, the Debtor has retained Kurtzman Carson Consultants, LLC as its official claims, noticing and solicitation agent (the "Claims and Noticing Agent"). The Debtor proposes that for any Proof of Claim Form to be timely and properly filed, a signed original of the completed Proof of Claim Form, together with accompanying documentation, must be sent so as to be received by the Claims and Noticing Agent, at the address indicated on the Bar Date Notice (as defined below), on or before the applicable Bar Date.

15.    If a creditor wishes to receive acknowledgement of receipt of its Proof of Claim Form, such claimant must provide in addition to the original Proof of Claim Form, one extra copy of such Proof of Claim Form along with a self-addressed, stamped return envelope.

16.    The Debtor proposes that all Persons and Entities asserting Claims against the Debtor be required to file the Proof of Claim Forms in English and in U.S. Dollars.  If a Person or Entity does not specify the amount of its Claim in U.S. Dollars, the Debtor proposes that they reserve the right to convert such Claim to U.S. dollars using the applicable conversion rate as of the Petition Date, unless the Debtor deem another date to be more appropriate.

8714356-2

E.     **Procedures for Providing Notice of Chapter 11 Bankruptcy Case and Bar Dates**

17.     The Debtor seeks to ensure that all interested parties receive appropriate notice of commencement of this chapter 11 case and the applicable Bar Dates.  To determine the adequacy of the notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. *See In re S.N.A. Nut Co.*, 198 B.R. 541 (Bankr. N.D. Ill. 1996); *In re Dartmoor Homes, Inc.*, 175 B.R. 659 (Bankr. N.D. Ill. 1994); *In re Envirodyne Indus., Inc.*, 206 B.R. 468 (Bankr. N.D. Ill. 1997). As the Court in *S.N.A. Nut* explained:

> When a creditor is unknown to the debtor, publication notice of the claims bar date will satisfy the requirements of due process . . . However, if a creditor is known to the debtor, notice by publication is not constitutionally reasonable and actual notice of the relevant bar dates must be afforded to the creditor.

*S.N.A. Nut*, 198 B.R. at 543-544.  The Supreme Court has characterized a "known" creditor as one whose identity is either known or is "reasonably ascertainable by the debtor." *Tulsa Professional Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988).  An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]."  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950).

18.     In defining the efforts required to identify "known" creditors, the Bankruptcy Court in *Envirodyne Indus.* stated:

> The debtor is under an obligation to make reasonably diligent efforts to identify creditors and their claims . . . Reasonable diligence depends on the context. The requisite search focuses on the debtor's own books and records . . . It does not require that a debtor engage in impracticable and extended searches . . . in the name of due process . . . It is not the debtor's duty to search out every conceivable or possible creditor and urge that person to make a claim against it.

*Id.*, 206 B.R. at 473-74. As for the particular efforts a debtor must exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date 'depends upon the facts

and circumstances of a given case.'" *In re The Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) (citing *Oppenheim, Appel, Dixon & Co. v. Bullock* (*In re Robintech, Inc.*), 863 F.2d 393, 396 (5th Cir.), *cert. denied*, 493 U.S. 811 (1989)).

19.    Given the factual complexities of the instant case, the Debtor proposes to provide actual written notice of the commencement of this chapter 11 case and the Bar Dates to all known persons and entities holding Claims for whom the Debtor have an actual deliverable address.

20.    In giving actual notice to known Persons and Entities who may have a Claim, the Debtor proposes to give notice of the commencement of this chapter 11 case and Bar Dates, substantially in the form of the *Notice of Chapter 11 Bankruptcy Case* attached as **Exhibit "B"** (the "Bar Date Notice"), in accordance with Bankruptcy Rule 9007, so that the Bar Date Notice is served by first class mail within ten (10) business days after entry of an Order granting this Motion.

### F.    Publication Notice of Chapter 11 Bankruptcy Case and Bar Dates

21.    Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement the notice.  Further, Bankruptcy Rule 9008 provides that the Court shall determine the form and manner of publication notice, the newspapers used and the frequency of publication.

22.    In order to provide supplemental notice and notice to creditors for which the Debtor may not have a deliverable address, or unknown creditors, the Debtor also proposes to publish the Bar Date Notice twice, (a) first, not more than ten (10) business days after entry of an Order granting this Motion on the Court's docket and (b) second, not later than thirty (30) days prior to the General Bar Date, in the publication listed in **Exhibit "C"** (the "Publication Notice").

8714356-2

23.  The publications listed in **Exhibit "C"** were selected because these publications have broad readership and distribution, and will likely reach unknown Persons and Entities that may assert Claims against the Debtor.

24.  The Debtor request that the Court determine that Persons and Entities for which the Debtor have no deliverable mailing address and that may assert a Claim against the Debtor be deemed to have received adequate and sufficient notice by publication which is reasonably calculated under the circumstances to apprise them of the Bar Dates for filing Proof of Claim Forms.

**G.     Form of Notice of the Bar Dates**

25.  The Bar Date Notice and the Publication Notice will:

    a.  advise creditors and other parties in interest of the commencement of this chapter 11 case;

    b.  advise potential creditors that they must file a Proof of Claim under Bankruptcy Rules 3002(a) and 3003(c)(2);

    c.  alert such potential creditors to the consequences of failing to timely file a Proof of Claim as set forth in Bankruptcy Rule 3003(c)(2);

    d.  specify the form to be used in filing a Proof of Claim;

    e.  set forth the Bar Dates;

    f.  set forth the address for filing a Proof of Claim;

    g.  specify that Proofs of Claim must be filed with original signatures and not by facsimile; and

    h.  specify that separate Proofs of Claim must be filed with respect to each Debtor.

26.    Accordingly, the Bar Date Notice and the Publication Notice will provide creditors with notice of the commencement of this Chapter 11 case and sufficient information to allow them to timely file a properly prepared and executed Proof of Claim.

## The Requirements of Bankruptcy Rule 6003 Are Satisfied

27.    Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." To facilitate an expedited confirmation process, it is necessary for the bar date for non-governmental creditors and interest holders to be set sooner for a date than would otherwise be the case, claims scheduled as contingent, unliquidated or contingent to be estimated so certain creditors or claimants can vote to accept or reject the Debtor's chapter 11 Plan, and for the manner of notice and filing of Proofs of Claim to be approved. For the reasons discussed herein, the relief requested is necessary in order for the Debtor to operate its business in the ordinary course and preserve the ongoing value of the debtor's operations and maximize the value of its estate for the benefit of all stakeholders.  Accordingly, the Debtor submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

## Reservation of Rights

28.    Nothing contained herein is intended or should be construed as an admission as to the validity of any Claims that might be filed against the Debtor's estate by any creditor or interest holder, or Governmental Unit, or a waiver of the Debtor's right to dispute any such Claims. The Debtor expressly reserves its right to contest any Claims filed against the estate by any claimant, Interest holder or Governmental Unit.

8714356-2

**WHEREFORE**, the Debtor respectfully requests entry of an order in the form attached hereto and identified as **Exhibit "D"** granting the relief requested herein and granting such other and further relief as is fair and just.

Dated: March 1, 2019                          Respectfully submitted,

BERGER SINGERMAN, LLP
*Proposed Counsel for Debtor and Debtor-in-Possession*
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By:    */s/ Jordi Guso*
        Jordi Guso
        Florida Bar No. 863580
        jguso@bergersingerman.com
        Paul A. Avron
        Florida Bar No. 50814
        pavron@bergersingerman.com

11

**EXHIBIT "A"**

**(Proof of Claim Form)**

**Fill in this information to identify the case:**

Debtor 1 _____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of _____

Case number _____

Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1:    Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim) _____<br><br>Other names the creditor used with the debtor _____ |
| 2. **Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes.  From whom? _____ |

3. **Where should notices and payments to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name _____ | Name _____ |
| Number     Street _____ | Number     Street _____ |
| City          State          ZIP Code | City          State          ZIP Code |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

| | |
|---|---|
| 4. **Does this claim amend one already filed?** | ☐ No<br>☐ Yes.  Claim number on court claims registry (if known) _____       Filed on _____<br>                                                                                                                          MM  /  DD  / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☐ Yes.  Who made the earlier filing? _____ |

**Part 2:**    **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____ |

7. **How much is the claim?**    $_____. **Does this amount include interest or other charges?**

        ☐ No

        ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

    Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

    Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

    Limit disclosing information that is entitled to privacy, such as health care information.

    _____

9. **Is all or part of the claim secured?**

    ☐ No

    ☐ Yes.  The claim is secured by a lien on property.

        **Nature of property:**

        ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

        ☐ Motor vehicle

        ☐ Other. Describe: _____

        **Basis for perfection:** _____

        Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

        **Value of property:**    $_____

        **Amount of the claim that is secured:**    $_____

        **Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

        **Amount necessary to cure any default as of the date of the petition:**    $_____

        **Annual Interest Rate** (when case was filed)_____%

        ☐ Fixed

        ☐ Variable

10. **Is this claim based on a lease?**

    ☐ No

    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

11. **Is this claim subject to a right of setoff?**

    ☐ No

    ☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

**Part 3:    Sign Below**

| **The person completing this proof of claim must sign and date it. FRBP 9011(b).** | *Check the appropriate box:* |
|---|---|
| If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. | ☐ I am the creditor. |
| | ☐ I am the creditor's attorney or authorized agent. |
| | ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. |
| | ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. |
| **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt. |
| | I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |

Executed on date _____
                     MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
         First name          Middle name          Last name

Title _____

Company _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
         Number      Street

         _____
         City                      State     ZIP Code

Contact phone _____    Email _____

# EXHIBIT "B"

**(Notice of Chapter 11 Bankruptcy Case)**

| Information to identify the case: | |
|---|---|
| Debtor  **Magnum Construction Management, LLC** | EIN  **59-2373403** |
| United States Bankruptcy Court  **Southern District of Florida** | |
| Case number:  **19-** | Date case filed for chapter  **11**    **3/1/19** |

# Notice of Chapter 11 Bankruptcy Case

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See box 8 below for more information.)

You may want to consult an attorney to protect your rights. The bankruptcy clerk's office staff cannot give legal advice. Do not file this notice with any proof of claim or other filing in the case.

**WARNING TO DEBTOR:** WITHOUT FURTHER NOTICE OR HEARING THE COURT MAY DISMISS YOUR CASE FOR FAILURE OF THE DEBTOR TO APPEAR AT THE MEETING OF CREDITORS OR FAILURE TO TIMELY FILE REQUIRED SCHEDULES, STATEMENTS OR LISTS.

| | | |
|---|---|---|
| 1. **Debtor's full name** | **Magnum Construction Management, LLC** | |
| 2. **All other names used in the last 8 years** | DBA   MCM<br>FKA   Munilla Construction Management, LLC<br>FDBA Magnum Construction Management, Corp. | |
| 3. **Address** | 6201 SW 70th Street, 1st Floor<br>Miami, FL 33143 | |
| 4. **Debtor's attorney**<br>(or Pro Se Debtor)<br>Name and address | Jordi Guso<br>Berger Singerman LLP<br>1450 Brickell Ave., #1900<br>Miami, FL 33131 | Contact phone (305) 755-9500 |
| 5. **Bankruptcy Clerk's Division Office Where Assigned Judge is Chambered** | US Bankruptcy Court<br>301 North Miami Avenue, Room 150<br>Miami, FL 33128 | Hours open  8:30 a.m. – 4:00 p.m.<br>Contact phone  (305) 714-1800 |
| | Documents filed conventionally in paper may be filed at any bankruptcy clerk's office location. Documents may be viewed in electronic format via CM/ECF at any clerk's office public terminal (at no charge for viewing) or via PACER on the internet accessible at www.pacer.gov (charges will apply). Case filing and unexpired deadline dates can be obtained by calling the Voice Case Information System toll-free at (866) 222-8029. As mandated by the Department of Homeland Security, ALL visitors (except minors accompanied by an adult) to any federal building or courthouse, must present a current, valid, government issued photo identification (e.g. drivers' license, state identification card, passport, or immigration card.) | **Note:** The clerk's office is closed on all legal holidays.<br><br>Clerk of Court:  **Joseph Falzone**<br>Dated: 3/_____/19 |
| 6. **Meeting of Creditors**<br>The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | April _____, 2019 at _____<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br><br>**Claude Pepper Federal Building, 51 SW First Ave., Room 1021, Miami, FL 33130** |

For more information, see page 2

Debtor   **Magnum Construction Management, LLC**                          Case number 19-_____

| 7. Proof of Claim Deadline | Deadline for all creditors to file a proof of claim (except governmental units): | Filing deadline: **04/19/19** |
|---|---|---|
| | Deadline for governmental units to file a proof of claim: | Filing deadline: **08/28/19** |

<table>
<tr>
<td>

**When Filing Proofs of Claim:  Claims may be delivered or mailed to MCM**
**c/o Kurtzman Carson Consultants, LLC**
**2334 Alaska Avenue**
**El Segundo, CA 90245**

**Or you may file your claim electronically with the bankruptcy court at the following website:**
**www.flsb.uscourts.gov**

</td>
<td>

### Deadlines for Filing Proof of Claim:

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov , any bankruptcy clerk's office or on the case website at www.kccllc.net/MCM.

Your claim will be allowed in the amount scheduled unless:
- your claim is designated as *disputed*, *contingent*, or *unliquidated*;
- you file a proof of claim in a different amount; or
- you receive another notice.

If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.  You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. The deadline for filing objections to claims will be established pursuant to Local Rule 3007-1(B)(1).

**Filing Deadline for Creditor with a Foreign Address:**  The deadline for filing proofs of claim in this notice apply to all creditors.  If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline to file a proof of claim.  See also box 9 below.

</td>
</tr>
</table>

| 8. Exception to Discharge Deadline | If § 523 applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below. |
|---|---|
| The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. Writing a letter to the court or judge is not sufficient. | **Deadline for Filing the Complaint:  _____, 2019** |
| 9. Creditors with a Foreign Address | Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| 10. Filing a Chapter 11 Bankruptcy Case | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| 11 Option to Receive Notices Served by the Clerk by Email instead of by U.S. Mail | 1) EBN program open to all parties.  Register at the BNC website ebn.uscourts.gov, **OR** 2) DeBN program open to debtors only.  Register by filing with the Clerk of Court, Local Form "Debtor's Request to Receive Electronically Under DeBN Program".  There is no charge for either option.  See also Local Rule 9036-1(B) and (C). |
| 12. Translating Services | Language interpretation of the meeting of creditors will be provided to the debtor at no cost, upon request to the trustee, through a telephone interpreter service.   Persons with communications disabilities should contact the U.S. Trustee's office to arrange for translating services at the meeting of creditors. |
| 11. Discharge of debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge under 11 U.S.C. § 1141(d)(6)(A), you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline in box 8. |

## EXHIBIT "C"

**(Publication for Notice)**

- Miami Herald
- Dallas Morning News

## EXHIBIT "D"

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:                                                    Chapter 11 Case

MAGNUM CONSTRUCTION MANAGEMENT,                          Case No.: 19-_____
LLC f/k/a Munilla Construction Management, LLC, [1]

     Debtor.
_____/

## ORDER GRANTING DEBTOR'S EMERGENCY MOTION (I) TO SET THE BAR DATES FOR FILING PROOFS OF CLAIMS AND INTERESTS; (II) TO ESTIMATE CLAIMS; AND (III) FOR APPROVAL OF (A) FORM AND MANNER OF NOTICE OF CHAPTER 11 BANKRUPTCY CASE AND (B) FORM FOR FILING PROOFS OF CLAIM

**THIS MATTER** came before the Court on the _____ day of March, 2019 at

_____ a.m./p.m. in Miami, Florida, upon the *Debtor's Emergency Motion (I) to Set*

*the Bar Dates for Filing Proofs of Claims and Interests; (II) to Estimate Claims; and (III) For*

*Approval of (A) Form and Manner of Notice of Chapter 11 Bankruptcy Case and (B) Form for*

---

[1]   The Debtor's address is 6201 SW 70th Street, 1st Floor, Miami, FL 33143.  The last four digits of the Debtor's federal tax identification number are 3403.

8719519-1

*Filing Proofs of Claim* (the "Motion") [ECF No. _____] filed by the above captioned debtor in possession (the "Debtor").[2]  The Motion requests the entry of an order setting the bar dates for creditors (including creditors under 11 U.S.C. § 503(b)(9)), estimating claims scheduled as contingent, unliquidated or disputed at or before confirmation, and approving the form and manner of notice of the commencement of this chapter 11 case and the form for filing Proofs of Claim.  The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtor, its estate and creditors; (v) proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (vi) upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein, it is

**ORDERED** that:

1.      The relief requested in the Motion is **GRANTED.**

2.      The Bar Date for the filing of Claims (including claims under 11 U.S.C. § 503(b)(9)) and Interests shall be **April 19, 2019** (the "General Bar Date").

3.      The Governmental Unit (as defined in section 101(27) of the Bankruptcy Code) bar date for the filing of Claims shall be **August 28, 2019.**

4.      The Bar Dates shall apply to all Persons or Entities (each as defined in sections 101(41) and 101(15) of the Bankruptcy Code) holding Claims against the Debtor (whether secured, priority or unsecured, and collectively referred to as a "Claim") that arose prior to the Petition Date, including but not limited to the following:

---

[2]  Capitalized terms not otherwise defined herein or in the Motion shall have the meaning ascribed to them in the Bankruptcy Code and the Bankruptcy Rules.

8719519-1

a. Any Person or Entity whose Claim is listed as "disputed," "contingent," or "unliquidated" in the Debtor's Schedules and that desires to assert a Claim against the Debtor that would entitle the claimant to vote on any plan of reorganization or participate in any distribution under such plan;

b. Any Person or Entity who believes its Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to assert its Claim in a classification or amount other than as set forth in the Schedules;

c. Any Person or Entity whose Claim is not listed in the Debtor's Schedules;

5. Proofs of Claim are not required to be submitted at this time by any Person or Entity wishing to assert Claims against the Debtor of the types specifically identified below:

a. Claims listed in the Debtor's Schedules or any amendments thereto which are not therein listed as "contingent," "unliquidated" or "disputed," and which are not disputed by the Creditor holding such Claim as to nature, amount, or classification;

b. Claims on account of which a Proof of Claim has already been properly and timely submitted to the Claims and Noticing Agent;

c. Claims previously allowed by, or paid pursuant to, an order of the Court;

d. Claims allowable under Sections 503(b) and 507(a)(1) of the Bankruptcy Code as administrative expenses of the Debtor's Chapter 11 case, which claims shall be subject to such other or further bar date as the Court may establish;

e. The Debtor shall retain the right to: (a) dispute, contest, setoff, recoup, and assert any defenses, counterclaims or subordination against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise; or (b) subsequently designate any Claim as disputed, contingent, or unliquidated.

3

6.       To the extent provided by Bankruptcy Rule 3003(c)(2) and Section 1141(d) of the Code, any Person or Entity that is required to submit a Proof of Claim but fails to do so in a timely manner shall be forever barred, estopped, and enjoined from: (a) asserting any Claim against the Debtor that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (any such Claim referred to as an "Unscheduled Claim"); and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in this chapter 11 case in respect of an Unscheduled Claim.

7.       Claims scheduled by the Debtor as contingent, unliquidated or disputed at or before confirmation of the Plan shall be estimated so that creditors may vote on the Plan by the deadline to be set by the Court.

8.       The Proof of Claim form (the "Proof of Claim Form") substantially in the form attached to the Motion as **Exhibit "A"**, and the form of notice of the Bar Date (the "Bar Date Notice"), substantially in the form annexed to the Motion as **Exhibit "B,"** are hereby **APPROVED**.

9.       The Debtor is authorized to publish the Bar Date Notice in the publications identified on **Exhibit "C"** to the Motion, twice, (a) first, not more than ten (10) business days after the entry of this Order on the Court's docket; and (b) second, not later than thirty (30) days prior to the General Bar Date.

10.       The Debtor shall cause the Bar Date Notice and the Proof of Claim Form to be mailed not more than ten (10) business days after entry of this Order on the Court's docket to all known Persons and Entities holding Claims for whom the Debtor has a deliverable address, by first class United States mail, postage prepaid.

8719519-1

11.    In accordance with Bankruptcy Rule 2002(a)(7), service of the Bar Date Notice in the manner set forth above shall be deemed good and sufficient notice of the Bar Date to known creditors.

12.    Any Proof of Claim must clearly indicate the name of the Debtor and the case number of the Debtor.

13.    All Persons and Entities holding or wishing to assert Claims against the Debtor are required to file a separate, completed and executed Proof of Claim against the Debtor so that the Proof of Claim is actually received on or before the applicable Bar Date by the Claims and Noticing Agent at the following address:

<u>**If by Mail or Overnight Courier**</u>:

Magnum Construction Management, LLC
c/o Kurtzman Carson Consultants, LLC
2334 Alaska Avenue
El Segundo, CA 90245

14.    Notwithstanding the above, any Claim that is timely filed with the Clerk of the Bankruptcy Court for the Southern District of Florida shall be deemed filed, and will be stamped filed as of the date it is received and then forwarded to the third-party noticing and claims agent indicated above.

15.    If a creditor wishes to receive acknowledgment of receipt of its Proof of Claim, such creditor must provide in addition to the original Proof of Claim Form, one extra copy of such Proof of Claim Form along with a self-addressed, stamped return envelope.

16.    All Persons and Entities asserting Claims against the Debtor are required to file Proofs of Claim in English and in U.S. Dollars.  If a Person or Entity does not specify the amount of its Claim in U.S. Dollars, the Debtor is authorized to convert such Claim to U.S.

8719519-1

dollars using the applicable conversion rate as of the Petition Date, unless the Debtor deems another date more appropriate.

17.    This Order applies to all Claims, of whatever character, against the Debtor or its assets, whether secured or unsecured, priority or nonpriority, liquidated or unliquidated, fixed or contingent.

18.    All Creditors that desire to rely on the Schedules with respect to filing a Proof of Claim in the Debtor's chapter 11 case are solely responsible for determining that their Claims are accurately listed therein.

19.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

20.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

# # #

Submitted by:
Jordi Guso, Esq.
Paul A. Avron, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Tel. (305) 755-9500
Fax (305) 714-4340
Email: jguso@bergersingerman.com
Email: pavron@bergersingerman.com


Copies furnished to:
Jordi Guso, Esq.
*(Attorney Guso is directed to serve a signed copy of this Order upon all interested parties and to file a Certificate of Service with the Court.)*

6

8719519-1