

**ORDERED in the Southern District of Florida on March 8, 2019.**

_____
**A. Jay Cristol, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Case |
| MAGNUM CONSTRUCTION MANAGEMENT, LLC f/k/a Munilla Construction Management, LLC,[1] | Case No.: 19-12821-BKC-AJC |
| Debtor._____/ | |

**ORDER GRANTING DEBTOR'S EMERGENCY MOTION (I) TO SET THE
BAR DATES FOR FILING PROOFS OF CLAIMS AND INTERESTS; (II) TO
ESTIMATE CLAIMS; AND (III) FOR APPROVAL OF (A) FORM AND MANNER
OF NOTICE OF CHAPTER 11 BANKRUPTCY CASE AND (B) FORM FOR
<u>FILING PROOFS OF CLAIM</u>**

**THIS MATTER** came before the Court on the 6th day of March, 2019 at 2:30 p.m. in Miami, Florida, upon the *Debtor's Emergency Motion (I) to Set the Bar Dates for Filing Proofs of Claims and Interests; (II) to Estimate Claims; and (III) For Approval of (A) Form and Manner of Notice of Chapter 11 Bankruptcy Case and (B) Form for Filing Proofs of Claim* (the

---

[1] The Debtor's address is 6201 SW 70th Street, 1st Floor, Miami, FL 33143. The last four digits of the Debtor's federal tax identification number are 3403.

8719519-1

"Motion") [ECF No. 12] filed by the above captioned debtor in possession (the "Debtor").[2] The Motion requests the entry of an order setting the bar dates for creditors (including creditors under 11 U.S.C. § 503(b)(9)), estimating claims scheduled as contingent, unliquidated or disputed at or before confirmation, and approving the form and manner of notice of the commencement of this chapter 11 case and the form for filing Proofs of Claim. The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtor, its estate and creditors; (v) proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (vi) upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein, it is

**ORDERED** that:

1. The relief requested in the Motion is **GRANTED.**

2. The Bar Date for the filing of Claims (including claims under 11 U.S.C. § 503(b)(9)) and Interests shall be **May 8, 2019** (the "General Bar Date").

3. The Governmental Unit (as defined in section 101(27) of the Bankruptcy Code) bar date for the filing of Claims shall be **August 28, 2019**.

4. The Bar Dates shall apply to all Persons or Entities (each as defined in sections 101(41) and 101(15) of the Bankruptcy Code) holding Claims against the Debtor (whether secured, priority or unsecured, and collectively referred to as a "Claim") that arose prior to the Petition Date, including but not limited to the following:

---

[2] Capitalized terms not otherwise defined herein or in the Motion shall have the meaning ascribed to them in the Bankruptcy Code and the Bankruptcy Rules.

2

      a.      Any Person or Entity whose Claim is listed as "disputed," "contingent," or "unliquidated" in the Debtor's Schedules and that desires to assert a Claim against the Debtor that would entitle the claimant to vote on any plan of reorganization or participate in any distribution under such plan;

      b.      Any Person or Entity who believes its Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to assert its Claim in a classification or amount other than as set forth in the Schedules;

      c.      Any Person or Entity whose Claim is not listed in the Debtor's Schedules;

5.      Proofs of Claim are not required to be submitted at this time by any Person or Entity wishing to assert Claims against the Debtor of the types specifically identified below:

      a.      Claims listed in the Debtor's Schedules or any amendments thereto which are not therein listed as "contingent," "unliquidated" or "disputed," and which are not disputed by the Creditor holding such Claim as to nature, amount, or classification;

      b.      Claims on account of which a Proof of Claim has already been properly and timely submitted to the Claims and Noticing Agent;

      c.      Claims previously allowed by, or paid pursuant to, an order of the Court;

      d.      Claims allowable under Sections 503(b) and 507(a)(1) of the Bankruptcy Code as administrative expenses of the Debtor's Chapter 11 case, which claims shall be subject to such other or further bar date as the Court may establish;

      e.      The Debtor shall retain the right to: (a) dispute, contest, setoff, recoup, and assert any defenses, counterclaims or subordination against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise; or (b) subsequently designate any Claim as disputed, contingent, or unliquidated.

6. To the extent provided by Bankruptcy Rule 3003(c)(2) and Section 1141(d) of the Code, any Person or Entity that is required to submit a Proof of Claim but fails to do so in a timely manner shall be forever barred, estopped, and enjoined from: (a) asserting any Claim against the Debtor that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (any such Claim referred to as an "Unscheduled Claim"); and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in this chapter 11 case in respect of an Unscheduled Claim.

7. Claims scheduled by the Debtor as contingent, unliquidated or disputed at or before confirmation of the Plan shall be estimated so that creditors may vote on the Plan by the deadline to be set by the Court.

8. The Proof of Claim form (the "Proof of Claim Form") substantially in the form attached to the Motion as **Exhibit "A"**, and the form of notice of the Bar Date (the "Bar Date Notice"), substantially in the form annexed to the Motion as **Exhibit "B,"** are hereby **APPROVED**.

9. The Debtor is authorized to publish the Bar Date Notice in the publications identified on **Exhibit "C"** to the Motion, twice, (a) first, not more than ten (10) business days after the entry of this Order on the Court's docket; and (b) second, not later than thirty (30) days prior to the General Bar Date.

10. The Debtor shall cause the Bar Date Notice and the Proof of Claim Form to be mailed not more than ten (10) business days after entry of this Order on the Court's docket to all known Persons and Entities holding Claims for whom the Debtor has a deliverable address, by first class United States mail, postage prepaid.

11.     In accordance with Bankruptcy Rule 2002(a)(7), service of the Bar Date Notice in the manner set forth above shall be deemed good and sufficient notice of the Bar Date to known creditors.

12.     Any Proof of Claim must clearly indicate the name of the Debtor and the case number of the Debtor.

13.     All Persons and Entities holding or wishing to assert Claims against the Debtor are required to file a separate, completed and executed Proof of Claim against the Debtor so that the Proof of Claim is actually received on or before the applicable Bar Date by the Claims and Noticing Agent at the following address:

**<u>If by Mail or Overnight Courier</u>:**

Magnum Construction Management, LLC
c/o Kurtzman Carson Consultants, LLC
2335 Alaska Avenue
El Segundo, CA 90245

14.     Notwithstanding the above, any Claim that is timely filed with the Clerk of the Bankruptcy Court for the Southern District of Florida shall be deemed filed, and will be stamped filed as of the date it is received and then forwarded to the third-party noticing and claims agent indicated above.

15.     If a creditor wishes to receive acknowledgment of receipt of its Proof of Claim, such creditor must provide in addition to the original Proof of Claim Form, one extra copy of such Proof of Claim Form along with a self-addressed, stamped return envelope.

16.     All Persons and Entities asserting Claims against the Debtor are required to file Proofs of Claim in English and in U.S. Dollars.  If a Person or Entity does not specify the amount of its Claim in U.S. Dollars, the Debtor is authorized to convert such Claim to U.S.

dollars using the applicable conversion rate as of the Petition Date, unless the Debtor deems another date more appropriate.

17. This Order applies to all Claims, of whatever character, against the Debtor or its assets, whether secured or unsecured, priority or nonpriority, liquidated or unliquidated, fixed or contingent.

18. All Creditors that desire to rely on the Schedules with respect to filing a Proof of Claim in the Debtor's chapter 11 case are solely responsible for determining that their Claims are accurately listed therein.

19. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

20. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

# # #

Submitted by:
Jordi Guso, Esq.
Paul A. Avron, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Tel. (305) 755-9500
Fax (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  pavron@bergersingerman.com

Copies furnished to:
Jordi Guso, Esq.
*(Attorney Guso is directed to serve a signed copy of this Order upon all interested parties and to file a Certificate of Service with the Court.)*

8719519-1