UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:	Chapter 11 Case

MAGNUM CONSTRUCTION MANAGEMENT,	Case No.: 19-12821-AJC
LLC f/k/a Munilla Construction Management, LLC,[1]

    Debtor.
_____/

**DEBTOR'S RESPONSE IN OPPOSITION TO AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY BY VELTA YOUNG, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BOBIE YOUNG, DECEASED**

Magnum Construction Management, LLC f/k/a Munilla Construction Management, LLC ("MCM" or the "Debtor"), by and through undersigned counsel, responds in opposition to the *Amended Motion for Relief From the Automatic Stay by Velta Young, Individually and as Personal Representative of the Estate of Bobie Young, Deceased Pursuant to 11 U.S.C. § 362(d) and Fed.R.Bankr.P. 4001(a)* (the "Amended Motion") [ECF No. 116] and states:

1.  Pursuant to the Amended Motion, the movant seeks relief from the automatic stay for cause in order to prosecute a claim against the Debtor solely to the limits of available insurance. The phrase "cause" is undefined in the Code; a determination of the existence of "cause" is made on a case-by-case basis after balancing the potential prejudice to the debtor's estate against the hardships that will be incurred by the moving party if stay relief is denied. *See In re Paxson Elec. Co.,* 242 B.R. 67, 69 (Bankr. M.D. Fla. 1999). For the reasons explained below, this balancing weighs in favor of the Debtor.

2.  The request for stay relief is premised upon the tragic death of Bobie Young, a 78-

---

[1] The Debtor's address is 6201 SW 70th Street, 1st Floor, Miami, FL 33143. The last four digits of the Debtor's federal tax identification number are 3403.

1

9011316-1

year old man who, on January 3, 2018, drove his vehicle into a construction zone with which MCM was allegedly involved, resulting in his vehicle getting stuck in the mud, and Mr. Young suffering an extremely unfortunate fatal heart attack while attempting to dig his car out of the mud without seeking assistance (the "Young Claim").  While the Young Claim is separate from the multiple personal injury and wrongful death claims being asserted against MCM (and others) as a result of the collapse of the FIU Pedestrian Bridge (the "Bridge Collapse Claims), the Young Claim and the Bridge Collapse Claims are covered by the same policies of insurance.  The Bridge Collapse Claims and the Young Claims arose during the same policy period.

3.  As disclosed in the *Declaration of Debtor's Chief Financial Officer in Support of First Day Pleadings* [ECF No. 8] (the "First Day Declaration") MCM and the Insurers have been engaged in good faith negotiations regarding the Insurers' contribution of the policy limits to enable MCM to establish a settlement trust or fund that MCM believes will enable MCM to fully resolve all claims asserted against MCM relating to the collapse of the FIU Pedestrian Bridge. Under this proposal the Insurers would pay the applicable policy limits of the insurance policies, totaling approximately $42 million, thereby fully and completely exhausting the policy limits and extinguishing each Insurer's obligations under the insurance policies, in consideration of MCM's agreement to fully and completely release each Insurer from any and all claims arising out of, relating to or in any way involving the collapse of the FIU Pedestrian Bridge.  Given the ongoing, good faith discussions regarding a global resolution with the Debtor's Insurers regarding a tendering of policy limits to address all personal injury and wrongful death claims, and given that the Debtor's chapter 11 case is in its very early stages, having been filed on March 1, 2019, [ECF No. 1], the Debtor submits that the Court should not modify the stay as requested by Velta Young—at least not now.  Not lifting the stay at this time would be consistent with the Debtors'

9011316-1

intention, and goal, of trying to resolve the various personal injury and wrongful death claims arising from the FIU Pedestrian Bridge collapse in one forum—the Bankruptcy Court—in an efficient and equitable manner.  *See* ¶11 of First Day Declaration ("More generally, chapter 11 provides the unique opportunity for all of the claims asserted and that may be subsequently asserted against the Debtor arising from the bridge collapse to be addressed comprehensively in one forum. It will avoid the lengthy process necessarily attendant to the state court system and, perhaps more importantly, avoid the risk that, due to the Debtor's financial condition, those claimants having their wrongful death and personal injury claims dealt with earlier in the state court process will fare substantially better than other similarly situated claimants. Chapter 11 mandates that all bridge collapse-related claimants be treated similarly, and provides the statutory framework and tools to accomplish that goal on an expedited basis.").

4. The Amended Motion is procedurally flawed.  The Amended Motion cites to Local Rule 9013-1(D)(3)(f) and sets forth the corresponding 21-day negative notice period; however, that Local Rule concerns "motions to avoid liens on exempt property (Bankruptcy Rule 4003(d))," not stay relief motions.  The applicable Local Rule is 4001-1(c) which contemplates a 14-day negative notice period.  The initial motion for stay relief filed by Mrs. Young neglected to include any negative notice provision at all [ECF No. 115];  presumably that is the reason Mrs. Young withdrew it [ECF No. 117].

5. The Court should deny the Amended Motion for the reasons set forth above. Accordingly, the Debtor respectfully requests that the Court enter an order denying the Amended

Motion and respectfully requests such other and further relief which is just and proper.

Dated: April 1, 2019

Respectfully submitted,

BERGER SINGERMAN LLP
*Counsel for Debtor and Debtor-in-Possession*
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By: */s/ Jordi Guso*
Jordi Guso
Florida Bar No. 863580
jguso@bergersingerman.com
Paul A. Avron
Florida Bar No. 50814
pavron@bergersingerman.com

4

9011316-1