UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

MAGNUM CONSTRUCTION MANAGEMENT, LLC    Case No.: 19-12821-BKC-AJC
f/k/a Munilla Construction Management, LLC

Chapter 11

_____Debtor._____/

**CREDITOR MICHAEL SODE'S MOTION FOR RELIEF FROM
AUTOMATIC STAY TO ALLOW CIVIL LITIGATION TO PROCEED**

**Any interested party who fails to file and serve a written response to this Motion within 14 days after the date of service stated in this Motion shall, pursuant to Local Rule 4001-1(C), be deemed to have consented to the entry of an order granting the relief requested in the Motion.**

Creditor Michael Sode ("Creditor" or "Movant"), by and through undersigned counsel, and pursuant to 11 U.S.C. § 362, Fed. R. Bankr. P. 4001(a) and Local Rule 4001-1, files this Motion for Relief From Automatic Stay to Allow Civil Litigation to Proceed (the "Motion") and in support thereof states as follows:

**SUMMARY OF REQUESTED RELIEF**

By this Motion, the Movant seeks relief from the automatic stay to exercise his rights in the State Court Litigation (defined below), in which the Debtor is a named defendant, for the purposes of discovery and in order to recover from any insurance policy under which the Debtor is the named insured. The Movant is not seeking recoveries directly from the Debtor or the bankruptcy estate.

**I.    Background of the Bankruptcy Case**

1.    On March 1, 2019, Magnum Construction Management, LLC, f/k/a Munilla Construction Management, LLC (the "Debtor" or "MCM"), filed a voluntary petition for relief in

this Court under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code") (ECF No. 1).

2. The Debtor is operating its business and managing its affairs as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

## II.   Facts Supporting Relief Requested

3. Prior to the commencement of the instant bankruptcy case, the Movant filed a lawsuit on June 14, 2017 in the state court matter styled, *Michael Sode v. Munilla Construction Management, LLC*, Case No. CACE 17-11371(21) currently pending in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida (the "State Court Litigation"). A true and correct copy of the Complaint is attached hereto as **Exhibit "A**." The Defendant filed an Answer and Affirmative Defenses to the Complaint on July 17, 2017, and was engaged in discovery related to the State Court Litigation until filing a Suggestion of Bankruptcy of March 5, 2019.

4. The Complaint filed in the State Court Litigation alleges the following: On or about March 21, 2016, Plaintiff was riding his bike on Las Olas Blvd. between Isle of Capri Dr. and Poinciana Dr. in Fort Lauderdale, Florida while this area was under construction by MCM. MCM was negligent in maintaining the area and failing to, among other things, create a safe traffic pattern for bicyclists. As a proximate result of the MCM's negligence, Movant was injured when improperly secured orange construction fencing blew into the roadway causing the fencing to get tangled in his bicycle, which led him to fall off his bicycle into the roadway and get hit by a van. As a direct and proximate result of the aforementioned negligence of MCM, Movant was injured in and about his body and extremities, suffered pain and mental anguish therefrom, loss of capacity for the enjoyment of life, was required to and did receive medical care, treatment, and related

expenses as a result of his injuries, suffered great pain and will continue permanently to suffer great pain, and has suffered and sustained permanent injury within a reasonable degree of medical probability and/or aggravated a pre-existing injury or condition thereto as well as other serious and permanent injuries.

5.   Upon information and belief, the Debtor has available insurance coverage against liability for the claims in the State Court Litigation referenced above.

6.   In an abundance of caution, the Movant seeks the authority of this Court to exercise his right in the State Court Litigation to seek recovery, only from the Debtor's insurance coverage, and not directly from the Debtor.

## Legal Argument and Citation to Authority

7.   Based on the foregoing, Movant seeks relief from the automatic stay imposed by 11 U.S.C. § 362(a), to proceed to seek recovery from Debtor's insurance coverage.

8.   Section 362 is designed to give debtors a breathing spell from creditors. *In re Govero,* 439 B.R. 917, 921 (Bankr. S.D. Fla. 2010). Notwithstanding its importance, the automatic stay does not apply to property that is not property of the Debtor's bankruptcy estate. 11 U.S.C. § 362(a).

9.   In this case, the Debtor and the bankruptcy estate do not have any interest in the insurance coverage and allowing the State Court Litigation to proceed will cause no harm to the Debtor or the bankruptcy estate.

10.   In the event that the Court determines that the stay does apply, the Court should grant relief from the automatic stay "for cause" under 11 U.S.C. § 362(d)(1). "Courts conduct a case-by-case inquiry and apply a totality of the circumstances test to determine whether cause for relief from the stay exists." *In re Laminate Kingdom, LLC*, 2008 WL 1766637 at *3 (Bankr. S.D.

Fla. 2008). The decision to lift the stay is within the discretion of the Court. *In re Dixie Broad., Inc.*, 871 F.2d 1023, 1026 (11th Cir.1989).

11. "[A]llowing a matter to proceed to another forum may constitute 'cause' to lift the stay. A Senate Report noted: [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." *In re Murray*, 121 B.R. 636 (Bankr. M.D. Fla. 1990) (citing Senate Report No. 989, 95th Cong., 2d Sess. 50).

12. Courts have adopted a balancing test for determining whether to modify the automatic stay to permit a pending action to proceed in another forum. A court should balance the prejudice to the debtor against the hardship to the moving party if the stay remains in effect as well as consider the efficient use of judicial resources, the location of witnesses, documents, and other necessary parties. A court can examine whether a creditor has a probability of success on the merits of his case. *In re Aloisi*, 261 B.R. 504, 508 (Bankr. M.D. Fla. 2001) (citations omitted). See also *In re Bryan Road*, 382 B.R. 844 (Bankr. S.D. Fla. 2008); *In re Emerald Cove Villas*, 2007 WL 757663 (Bankr. M.D. Fla. 2007).

13. Applying a balancing/totality of the circumstances test in this case, weighs heavily in the Movant's favor. The Debtor is not prejudiced because Movant seeks only to proceed in the State Court Litigation against the Debtor's insurance coverage.

14. Additionally, the State Court Litigation is based upon state law claims, which do not arise under Title 11 of the Bankruptcy Code and therefore any issues related thereto should be heard in state court. See *Piombo Corporation v. Castlerock Properties* (In re Castlerock Properties), 781 F.2d 159 (9th Cir. 1986) ("A clear congressional policy exists to give state law

claimants a right to have claims heard in state court"). Accordingly, the Movant believes that cause exists for granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) as there is no prejudice or burden to the estate in pursuing such stay relief.

15. Accordingly, this Court should grant relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d)(1), such that the Movant may proceed with the State Court Litigation.

WHEREFORE, the Movant, Michael Sode, respectfully requests the entry of an order in the form attached hereto as Exhibit "B": (i) granting relief from the automatic stay of Section 362(a); (ii) authorizing the Movant to proceed with the State Court Litigation against any insurance coverage of the Debtor; and (ii) for such other and further relief as the Court deems just and proper.

Dated: April 23, 2019

        BAST AMRON LLP
        *Counsel for Michael Sode*
        SunTrust International Center
        One Southeast Third Avenue, Suite 1400
        Miami, Florida 33131
        Telephone: 305.379.7904
        Facsimile: 305.379.7905
        Email: jbast@bastamron.com
        Email: hharrison@bastamron.com

        By: */s/ Hayley G. Harrison*
           Jeffrey P. Bast, Esq. (FBN 996343)
           Hayley G. Harrison, Esq. (FBN 105157)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically via the Court's CM/ECF system where available on all parties registered to receive electronic notices in this case, and/or via U.S. Mail as indicated upon the parties listed on the attached Master service list on this the 23rd day of April, 2019.

*/s/ Hayley G. Harrison*
Hayley G. Harrison, Esq.

## SERVICE LIST

**VIA U.S. MAIL**

*See attached Master Service List*

| | | |
|---|---|---|
| 1st Source Bank, Construction<br>Equipment Division<br>P.O. Box 783<br>South Bend IN 46624-0000 | Andrew J. Meyers<br>Governmental Center<br>Suite 423<br>115 South Andrews Avenue<br>Fort Lauderdale FL 33301 | Bank of America, N.A.<br>701 Brickell Avenue<br>Miami FL 33131 |
| Bank of America, N.A.<br>2059 Northlake Parkway<br>3rd Floor North<br>Tucker GA 30084-0000 | Bank of America, N.A.<br>1075 Main Street<br>MA6-535-02-16<br>Waltham MA 02451-0000 | Bank of America, N.A.<br>100 N. Tryon Street<br>NC1-007-31-05<br>Charlotte NC 28255-0000 |
| Berkshire Hathaway Specialty Ins. Co<br>Kelly Perry<br>1100 Abernathy Road NE, Ste. 1200<br>Atlanta GA 30328-0000 | Berkshire Hathaway Specialty Ins. Co<br>National Liability & Fire Insurance Co.<br>National Indemnity Company<br>1100 Abernathy Road NE, Ste. 1200<br>Atlanta GA 30328-0000 | Broward County Property Appraiser<br>TPP<br>115 S. Andrews Avenue<br>Room 111<br>Fort Lauderdale FL 33301-1801 |
| Buchanan Ingersoll & Rooney PC<br>Blake J. Delaney<br>401 E. Jackson St.<br>Suite 2400<br>Tampa FL 33602 | Bush Ross, P.A.<br>Adam Lawton Alpert<br>P.O. Box 3913<br>Tampa FL 33601-3913 | Bush Ross, P.A.<br>Andrew T. Jenkins, Esq.<br>P.O. Box 3913<br>Tampa FL 33601-3913 |
| Caterpillar Financial Services Corporation<br>2120 West End Avenue<br>Nashville TN 37203-0000 | CIT Finance LLC<br>10201 Centurion Parkway North<br>Suite 100<br>Jacksonville FL 32256-0000 | Corporation Service Company, as rep.<br>P.O. Box 2309<br>Springfield IL 62703-0000 |
| Dell Financial Services L.L.C.<br>Mail Stop - PS2DF-23<br>One Dell Way<br>Round Rock TX 78682-0000 | Efrain Cortes<br>P.O. Box 590173<br>Fort Lauderdale FL 33359 | Florida Department of Revenue<br>5050 W. Tennessee St.<br>Tallahassee FL 32399 |
| Genovese Joblove & Battista PA<br>Jesus M Suarez<br>100 SE Second Street<br>44th Floor<br>Miami FL 33131 | Goldstein & McClintock LLLP<br>Monique D. Hayes<br>199 E. Flagler St. No 405<br>Miami FL 33132 | Gulf Atlantic Capital Corporation<br>Jeff Preus<br>2701 North Rocky Point Drive<br>Suite 630<br>Tampa FL 33607 |
| Helen H. Albee, Esq.<br>Tritt & Associates, P.A.<br>707 Peninsular Pl.<br>Jacksonville FL 32204 | Herrera Law Firm, P.A.<br>Jose-Trelles Herrera, Esq.<br>2350 Coral Way<br>Suite 201<br>Miami Fl 33145 | Hill, Ward & Henderson, PA<br>Gregory P. Brown<br>101 E. Kennedy Blvd.<br>Ste. 3700<br>Tampa FL 33602 |
| Hill, Ward & Henderson, PA<br>Patrick M. Mosley, Esquire<br>101 E. Kennedy Blvd.<br>Suite 3700<br>Tampa FL 33602 | Hon Ariana Fajardo-Orshan, US Attorney<br>Office of the US Attorney<br>99 N E 4th St<br>Miami FL 33132 | Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia PA 19101-7345 |

| | | |
|---|---|---|
| Internal Revenue Service<br>Special Procedures - Insolvency<br>7850 SW 6th Court<br>Plantation FL 33324 | Internal Revenue Service<br>2670 Market Street<br>Mail Stop 5-Q30, 133<br>Philadelphia PA 19104-5016 | KCC<br>Angela Nguyen<br>2335 Alaska Avenue<br>El Segundo CA 90245 |
| Kelly Tractor Co.<br>8255 NW 58th Street<br>Miami FL 33166-0000 | Kozyak Tropin & Throckmorton, LLP<br>Corali Lopez-Castro<br>2525 Ponce de Leon Blvd.<br>9th Floor<br>Miami FL 33134 | Kubota Credit Corporation, U.S.A.<br>4400 Amon Carter Blvd., Ste. 100<br>Fort Worth TX 76155-0000 |
| Law Office of Daniel Te Young, P.A.<br>1600 South Federal Highway<br>Suite 570<br>Pompano Beach FL 33062 | Linebarger Goggan Blair & Sampson, LLC<br>Elizabeth Weller<br>2777 N. Stemmons Freeway<br>Suite 1000<br>Dallas TX 75207 | Magnum Construction Management, LLC<br>Raul Munilla<br>6201 SW 70th Street<br>1st Floor<br>Miami FL 33143 |
| Manier & Herod<br>Sam H. Poteet, Jr. Esq., Mary Paty Lynn LeVan, Esq. and Michael E. Collins, Esq.<br>1201 Demonbreun St.<br>Ste. 900<br>Nashville TN 37203 | Maria I. Escoto-Castiello, P.A.<br>2000 South Dixie Highway<br>Suite 104-A<br>Miami FL 33133 | Markowitz, Ringel, Trusty, & Hartog, P.A.<br>Ross R. Hartog, Esq.<br>101 NE Third Avenue<br>Suite 1210<br>Fort Lauderdale FL 33301 |
| Martin County Property Appraiser<br>TPP<br>1111 SE Federal Highway<br>Suite 330<br>Stuart FL 34994 | Meltzer, Purtill & Stelle LLC<br>Timothy W. Brink<br>300 South Wacker Drive<br>Suite 2300<br>Chicago IL 60606 | Miami Dade County Tax Collector<br>200 NW 2nd Avenue<br>Miami FL 33128 |
| Miami-Dade County Prop. Appraiser<br>Tangible Personal Property Division<br>10710 SW 211 Street<br>Suite 207<br>Cutler Bay FL 33189 | Mills Paskert Divers<br>Alberta L Adams<br>100 North Tampa Street<br>Suite 3700<br>Tampa FL 33602 | Milner, Inc.<br>1111 Old Eagle School Road<br>Wayne PA 19087-0000 |
| Minerley Fein, P.A.<br>Kenneth L. Minerley<br>1200 N. Federal Highway<br>Suite 420<br>Boca Raton FL 33432 | Monroe County Property Appraiser<br>P.O. Box 1176<br>Key West FL 33041-1176 | Nortrax, Inc.<br>396 County Rd<br>Westbrook ME 04092-1900 |
| Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami FL 33130 | Palm Beach County Property Appraiser<br>301 N. Olive Avenue<br>5th Floor<br>West Palm Beach FL 33401 | Quintairos, Prieto, Wood & Boyer, P.A.<br>Arthur C. Neiwirth<br>One East Broward Blvd.<br>Suite 1200<br>Fort Lauderdale FL 33301 |
| RDO Equipment Co.<br>700 7th St. South<br>Fargo ND 58103-0000 | Sagre Law Firm, P.A.<br>Ariel Sagre<br>5201 Blue Lagoon Drive<br>Suite 892<br>Miami FL 33126 | Securities & Exchange Commission<br>Susan S. Beard<br>Branch of Reorganization<br>950 East Paces Ferry, N.E.<br>Suite 900<br>Atlanta GA 30326-1382 |

| | | |
|---|---|---|
| Sequor Law<br>Fernando J. Menendez<br>1001 Brickell Bay Drive<br>9th Floor<br>Miami FL 33131 | Shutts & Bowen, LLP<br>Lauren L. Stricker<br>4301 West Boy Scout Boulevard<br>Suite 300<br>Tampa Fl 33607 | Silva & Silva<br>Paul Jon Layne<br>236 Valencia Avenue<br>Coral Gables FL 33134 |
| Special Asst. U.S. Attorney<br>IRS District Counsel<br>1000 S. Pine Island Rd., Ste 340<br>Plantation FL 33324-3906 | Special Asst. U.S. Attorney<br>P.O. Box 9, Stop 8000<br>51 SW 1st Avenue, #1114<br>Miami FL 33130 | St. Lucie County Property Appraiser<br>TPP<br>2300 Virginia Ave.<br>Room 121<br>Fort Pierce FL 34982-5632 |
| Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.<br>Patricia A. Redmond<br>Museum Tower, Suite 2200<br>150 West Flagler Street<br>Miami FL 33130 | SunTrust Equipment Finance & Leasing Corp.<br>300 East Joppa Road, Suite 700<br>Towson MD 21286-0000 | The Honorable Matthew G. Whitaker<br>Attorney General of the U.S.<br>950 Pennsylvania Avenue, NW Room 4400<br>Washington DC 20530-0001 |
| The Law Office of Tesha Allison, P.A.<br>Tesha Allison, Esquire<br>5911 NW 173rd Drive<br>Ste. 15<br>Miami Lakes FL 33015 | The Pivnik Law Firm<br>Jerome A. Pivnik<br>7700 N. Kendal Drive<br>Suite 703<br>Miami FL 33156 | Travelers Casualty and Surety Company of America<br>Kimberly Zanotta<br>111 Schilling Road<br>Hunt Valley MD 21031-0000 |
| United States for use and benefit of Ceres Environmental Services, Inc. c/o Law Office of Daniel Te Young, P.A.<br>Chris Fraser, Controller<br>1600 S Federal Highway<br>Ste. 570<br>Pompano Beach FL 33062 | Wargo & French, LLP<br>Angelo M. Castaldi, Kristopher E. Aungst and Michael C. Foster<br>201 S. Biscayne Blvd.<br>Suite 1000<br>Miami FL 33131 | Wells Fargo Equipment Finance, Inc.<br>733 Marquette Avenue<br>Suite 700<br>Minneapolis MN 55402-0000 |
| Zurich Insurance Group<br>American Zurich Insurance Company<br>1400 American Lane<br>Schaumburg IL 60196-0000 | | |

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:

MICHAEL SODE,

        Plaintiff,

vs.

MUNILLA CONSTRUCTION MANAGEMENT, LLC
A Florida Limited Liability Company,

        Defendant.
_____/

## COMPLAINT SERVED WITH INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSION

**COMES NOW**, the Plaintiff, MICHAEL SODE, by and through undersigned counsel, files this lawsuit against the Defendant, MUNILLA CONSTRUCTION MANAGEMENT, LLC, and alleges as follows:

1. This is an action for damages in excess of $15,000.00.

2. At all times material hereto, Plaintiff is a resident and citizen of Broward County, Florida, is over the age of eighteen (18) years and is otherwise sui juris.

3. At all times material hereto, Defendant, MUNILLA CONSTRUCTION MANAGEMENT, LLC (referred to herein as "MUNILLA"), is a limited liability company duly authorized to do and doing business in the State of Florida.

4. At all times material hereto, the north side of Las Olas Blvd. normally consists of two lanes to head west and the south side of Las Olas Blvd. normally consists of two lanes to head east between Isle of Capri Dr. and Poinciana Dr. in Ft. Laudedale, FL.

1

5. On March 21, 2016, Defendant, MUNILLA, owned, controlled, possessed, and maintained Las Olas Blvd. between Isle of Capri Dr. and Poinciana Dr. in Ft. Lauderdale, FL as this area was under construction.

6. At all times material hereto, MUNILLA was responsible for all traffic patterns in said area of Las Olas Blvd.

7. At all times material hereto, MUNILLA closed all westbound traffic from using the normal northside of Las Olas Blvd. and instead, the southside of Las Olas Blvd. was transformed to one lane heading eastbound and one lane heading westbound.

8. At all times material hereto, Plaintiff, MICHAEL SODE, was rightfully on Las Olas Blvd. as a business invitee while riding his bicycle.

9. At all times material hereto, Defendant, MUNILLA, had a duty to use reasonable care to protect the Plaintiff, MICHAEL SODE, from dangerous conditions existing on said premises of which they knew, or should have known.

10. On or about the 21st day of March, 2016, the Defendant, MUNILLA, and/or its employees, servants or agents, acting in the course and scope of their employment, were negligent in one or more of the following particulars:

> (a) Creating and/or permitting a dangerous and unsafe condition, to-wit: improper placement of plastic orange fencing construction barrier;
> (b) Failing to properly secure the orange plastic fencing;
> (c) Failing to maintain the orange plastic fence from blowing into the roadway;
> (d) Failing to create a safe traffic pattern for bicyclists;
> (e) Otherwise, owning, maintaining, possessing, or controlling said barrier type fence in a dangerous, hazardous and unsafe condition;
> (f) Failing to have proper procedure to identify such dangerous, hazardous and unsafe conditions;
> (g) Failing to inspect the premises for hazardous conditions;
> (h) Failing to adequately warn of said dangerous hazardous and unsafe conditions in the area of the road; and

    (i) Other negligent actions or omissions to be determined through discovery.

11. At all times material hereto, the Defendant, MUNILLA, knew or should have known of the existence of said dangerous, hazardous, or unsafe condition of said orange plastic construction fencing.

12. As a proximate result of the negligence, the Plaintiff, MICHAEL SODE, was injured when the improperly secured orange construction fencing blew into the roadway causing the fencing to get tangled in MICHAEL SODE's bicycle, which led him to fall off his bicycle into the roadway and get hit by a van.

13. As a direct and proximate result of the aforementioned negligence of Defendant, MUNILLA, the Plaintiff, MICHAEL SODE, was injured in and about his body and extremities, suffered pain and mental anguish therefrom, loss of capacity for the enjoyment of life, was required to and did receive medical care, treatment, and related expenses as a result of his injuries, suffered great pain and will continue permanently to suffer great pain, and has suffered and sustained permanent injury within a reasonable degree of medical probability and/or aggravated a pre-existing injury or condition thereto; and said injuries are either permanent or continuing in their nature, that his working ability was impaired and he/she suffered a resultant loss of earnings and will suffer such losses and impairments in the future, as well as conditions not yet diagnosed; that all of said injuries were caused solely by the negligence and carelessness of the Defendant herein.

**WHEREFORE**, the Plaintiff, MICHAEL SODE, demands judgment against the Defendant, MUNILLA, herein and a trial by jury of all issues triable in this cause.

DATED this 14th day of June, 2017.

## LEEDER LAW

Attorneys for Plaintiff
8551 West Sunrise Blvd., Ste. 202
Plantation, FL 33322
Tel: (954) 734-2382
Pleadings@leederlaw.com

By: *Thomas H. Leeder*

**THOMAS H. LEEDER, ESQ.**
FBN: 746401
**ANDREW SMITH, ESQ.**
FBN: 107083

4

# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

MAGNUM CONSTRUCTION MANAGEMENT, LLC        Case No.: 19-12821-BKC-AJC
f/k/a Munilla Construction Management, LLC

Chapter 11

_____Debtor._____/

**ORDER GRANTING CREDITOR MICHAEL SODE'S MOTION FOR RELIEF FROM <u>AUTOMATIC STAY TO ALLOW CIVIL LITIGATION TO PROCEED</u>**

**THIS CAUSE** having come before the Court upon *Creditor Michael Sode's Motion for Relief from Automatic Stay Effective as of Petition Date to Allow Civil Litigation to Proceed* (ECF No. __)(the "Motion"),[1] and the Court, having been advised by movant through the submission of the instant order that: (i) the Motion was served on all parties required by Local Rule 4001-1; (ii) the 14-day response time provided by that rule has expired; (iii) no one has filed, or served on the

---

[1] All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

movant, a response to the Motion; and (iv) the form of order was attached as an exhibit to the Motion; having reviewed the Motion, and the Court file, and having noted that no objections were filed, it is

**ORDERED** as follows:

1. The Motion is granted.

2. The automatic stay of Section 362(a) is lifted to allow for the State Court Litigation to continue.

3. Michael Sode is authorized to proceed with the State Court Litigation against any insurance coverage of the Debtor.

###

Submitted by:

Hayley G. Harrison, Esq.
BAST AMRON LLP
*Counsel for Creditor Michael Sode*
SunTrust International Center
One Southeast Third Avenue, Suite 1400
Miami, Florida  33131
Telephone:  305.379.7904
Facsimile:   305.379.7905
Email: hharrison@bastamron.com

Copy furnished to:
Hayley G. Harrison, Esq.
Attorney Hayley G. Harrison shall serve copies of this Order on all interested parties and file a Certificate of Service.