UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

MAGNUM CONSTRUCTION[1]             Case Number: 19-12821-AJC
MANAGEMENT, LLC                           Chapter   11

_____/

**AGREED EX-PARTE MOTION FOR STAY RELIEF TO
PROCEED WITH LITIGATION ONLY TO THE EXTENT OF
THE INSURANCE COVERAGE FOR MATTER THAT IS SEPARATE FROM
AND PRE-DATES INSURANCE POLICY IN EFFECT FOR THE FIU BRIDGE CASES**

Creditor, JOSE PEREZ, ("Movant") through undersigned counsel, moves on an agreed, ex-parte basis pursuant to 11 U.S.C. § 362(a) and Local Rule 9013-1 for an order granting limited stay relief to allow Movant to proceed with pending state court litigation pending in Miami-Dade County Circuit Court (the "State Court Action") as against Debtor Magnum Construction Management, LLC f/k/a Munilla Construction Management, LLC (the "Debtor") as a nominal Defendant only to resolve a claim arising from an October 20, 2016 incident, which is separate from, and pre-dates, any insurance policy in effect on the FIU Pedestrian Bridge collapse (the "FIU Bridge Cases").

Movant is willing to procced to resolve his non-FIU Pedestrian Bridge-related claim solely within the two million ($2,000,000.00) primary insurance policy Movant asserts is applicable to the claim, in which Movant submits only the first layer of that insurance would be triggered.

---

[1] The Debtor's Address is 6201 SW 70th Street, 1st Floor, Miami FL 33143. The last four digits od the Debtor's federal tax identification numbers are 3403.

Mediation is not yet scheduled on Movant's underlying claim. Discovery remains ongoing but a notice of readiness for trial was filed on January 17, 2019. Mediation will be ordered as a part of trial order which will be issued after relief from stay is granted. Movant represents to the Court that; the Debtor and the Debtor's insurance carrier and all pertinent parties wish to proceed to mediation.

Pursuant to Local Rule 9013-1, this motion may be considered on an ex-parte basis, as Movant certifies that Debtor has consented to the requested relief, in which the Movant is seeking to resolve the claim to the extent of the applicable insurance coverage only and will resolve the claim within such policy limits, and without asserting any claim against the Debtor's bankruptcy estate whether arising from a settlement at mediation or after entry of a judgment.

A proposed form of order is attached to this motion as **Exhibit A.**

WHEREFORE, the Movant respectfully requests the Court on an agreed, ex-parte basis to grant relief from the automatic stay solely allowing the Movant to continue to pursue his claim within the applicable insurance coverage only which coverage predates and is not applicable to the FIU Bridge Cases. Movant agrees to resolve this claim solely within applicable insurance policy limits without asserting any claim against the Debtor's bankruptcy estate.

Dated: April 24, 2019

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent this 22nd of April 2019, via ECF on applicable parties, via Certified Mail on required parties and noted , and/or via regular mail to : Debtors attorney, Paul Avron Esq., Berger Singerman, LLP, 1450 Brickell Avenue, # 1900, Miami, Fl 33131. I also certify that I am admitted to the Bar of the United States

District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090(A).

Respectfully submitted,

Tesha Allison, Esquire
The Law Office of Tesha Allison, P.A.
Attorney for Jose Perez
5911 NW 173rd Drive, Ste. 15
Miami Lakes, Florida 33015
  T: 305-901-1471
  F: 305-901-1472

By: */s/ Tesha Allison*
    Tesha Allison, Esq.
    Florida Bar No.: 108538
    Tesha@tapalaw.com

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

MAGNUM CONSTRUCTION[2]　　　　　　　　　　　　Case Number: 19-12821-AJC
MANAGEMENT, LLC　　　　　　　　　　　　　　　Chapter   11

_____/

**AGREED ORDER GRANTING THE**
**AGREED EX-PARTE MOTION FOR STAY RELIEF**
**TO PROCEED WITH LITIGATION ONLY TO THE EXTENT OF**
**THE INSURANCE COVERAGE FOR MATTER THAT IS SEPARATE FROM**
**AND PRE-DATES INSURANCE POLICY IN EFFECT FOR THE FIU BRIDGE CASES**

　　　　　On April 22, 2019, Creditor, JOSE PEREZ (the "Movant"), filed a motion on an agreed ex-parte basis pursuant 11 U.S.C. § 362(a) and to Local Rule 9013-1 (the "Motion" [ECF No._____] seeking entry of an order granting limited stay relief allowing Movant to proceed with litigation against the Debtor as a nominal Defendant solely to the extent of the insurance coverage for a personal injury claim, which insurance, if any, is separate from and pre-dates any insurance policy in effect for the FIU Bridge Cases[3]. In the Motion, Movant represents that the he is willing

---

[2] The Debtor's Address is 6201 SW 70th Street, 1st Floor, Miami FL 33143. The last four digits od the Debtor's federal tax identification numbers are 3403.
[3] All capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

to proceed to resolve his personal injury claim within the two million ($2,000,000.00) primary insurance policy Movant asserts is applicable to claim, as to which the Movant asserts only the first layer of that insurance would be triggered. The Movant stipulates that he will not assert any claim against the Debtor's bankruptcy estate. Based on the Debtor's consent to the limited relief sought by the Movant, the Court determines "cause" has been shown to grant the limited relief requested in the Motion. Accordingly, the Court

**ORDERS** as follows:

1. The Motion for limited stay relief to proceed with ligation as against the Debtor as a nominal Defendant only so as to proceed solely to the applicable limits of insurance to resolve the claim arising from an October 20, 2016 incident (the "Incident"), which is separate from, and predates any insurance policy in effect on the FIU Bridge Cases is GRANTED as set forth herein.
2. The limited stay relief described in the preceding paragraph is granted based on the Movant's stipulation that he (i) will resolve his claim solely within the applicable insurance policy limits; and (ii) will not assert any claim against the Debtor's bankruptcy estate arising from the Incident.
3. In all other respects the automatic stay provisions of 11 U.S.C. § 362(a) remains in full force and effect.
4. The Court retains exclusive jurisdiction to interpret and enforce the terms of this Order.

###

Submitted by:
Tesha Allison, Esquire
The Law Office of Tesha Allison, P.A.
Attorney for Jose Perez
5911 NW 173rd Drive, Ste. 15
Miami Lakes, Florida 33015
T:  305-901-1471
F: 305-901-1472
Email: Tesha@tapalaw.com

Copies furnished to:

Tesha Allison, Esq.
(*Attorney Allison is directed to serve a signed copy of this order upon all interested parties and to file a Certificate of Service with the Court.*)