UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

MAGNUM CONSTRUCTION MANAGEMENT,
LLC dba MCM fdba MAGNUM CONSTRUCTION
MANAGEMENT, CORP. fdba MUNILLA
CONSTRUCTION MANAGEMENT, LLC fdba
MCM CONSTRUCTION OF FLORIDA,

     Debtor.
_____/

CASE NO.: 19-12821-AJC

Chapter 11 Proceeding

## CREDITOR ARMANDO CAMPO'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY SOLELY TO LIQUIDATE ITS CLAIM AND PURSUE RECOVERY FROM INSURANCE POLICIES AND PROCEEDS

Creditor, ARMANDO CAMPO ("Creditor"), by and through undersigned counsel, files *Creditor Armando Campo's Motion for Relief from the Automatic Stay Solely to Liquidate its Claim and Pursue Recovery of Insurance Policies and Proceeds* ("Motion"), pursuant to 11 U.S.C. §362(a), and in support states the following facts:

### Relief Sought

1.     The relief sought herein is brought pursuant to 11 U.S.C. §362 and Rule 4001 of the *Federal Rules of Bankruptcy Procedure*.

2.     Creditor is an unsecured creditor of the debtor, Magnum Construction Management, LLC ("Debtor"). Creditor seeks relief from stay to continue prosecution of its claims against the Debtor pending in the Miami-Dade Circuit Court case styled, <u>Armando Campo v. Magnum Construction Management, LLC</u>, Case No.: 2019-003947-CA-09 (the "State Court Proceeding"), solely for the purpose of liquidating his claim and pursuing recovery from any insurance policies and proceeds covering the claim above any applicable deductible. Creditor also seeks relief from the automatic stay to liquidate its claim against the Debtor in order to file a proof of claim in this

-2-

bankruptcy case.

3. Creditor does not seek relief to collect or execute against the Debtor on any judgment entered or otherwise attach any property of the bankruptcy estate.

### Facts Related to the Relief Sought

4. On March 1, 2019, the Debtor initiated this case by filing a Voluntary Petition under Chapter 11 of the Bankruptcy Code.

5. Prior to the filing of the bankruptcy case, on February 20, 2019, Creditor initiated the State Court Proceedings by filing a Complaint against the Debtor ("State Court Complaint"). A true copy of the State Court Complaint is attached to this Motion and made a part hereof.

6. The claims set forth in the State Court Complaint consist of claims against the Debtor related to certain personal injuries alleged to be the direct and proximate result of the Debtor's negligence while Debtor was engaged in construction work on the premises of Port Everglades in Broward County, Florida.

7. Specifically, Creditor alleges in the State Court proceedings that as part of the construction work being conducted, Debtor removed several light poles along the roadway where it was working and turned off electricity to several others. Debtor placed a concrete barrier in the area and failed to place lighting or warnings in the area of the concrete barrier. Debtor allowed a black tarp to be left covering the concrete barrier making the barrier even less visible in low-light conditions.

8. In the pre-dawn hours of October 21, 2016, Creditor drove a motorized card on the roadway. Creditor was not provided with any warning and had no reason to believe that the roadway was blocked and was unable to see the barrier in the low-light conditions. The motorized cart operated by Creditor struck the concrete barrier.

-3-

9. As a result of Debtor's negligence, Creditor has suffered injuries in and about his body and extremities, suffered pain therefrom, incurred medical expenses in the treatment of those injuries, suffered physical handicap, and suffered impairment of his working ability, among other things.

10. At the time of the incident, the Debtor was insured for injury claims by Greenwich Insurance Company through Aon Risk Services, Inc. of Florida, 1001 Brickell Bay Drive, Suite 1100, Miami, Florida 33131. Upon information and belief, the policy proceeds are available to cover an award that the Creditor may receive in the State Court Proceedings.

11. Through this Motion, Creditor seeks an order granting relief from stay solely to prosecute and liquidate its claims through judgment against the Debtor and pursue recovery from any insurance policies and proceeds covering the claim above any applicable deductible.

12. Creditor does not seek relief from stay to pursue any assets of the Debtor or to otherwise execute on any judgment entered against the Debtor in the State Court Proceedings.

### Basis for Relief

**A. Creditor is Entitled to Entry of an Order Granting Relief from Stay.**

13. 11 U.S.C. §362(d) provides for relief from the automatic stay as follows:

> **(d)** On request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided under subsection (a) of this section such as by terminating, annulling, modifying, or conditioning such stay –
>
> > **(1)** for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > **(2)** with respect to a stay of an act against property under subsection (a) of this section, if –
> >
> > > **(A)** the debtor does not have an equity in such property; and
> > >
> > > **(B)** such property is not necessary to an effective reorganization . . .

14.     Cause exists to lift the stay in order to allow Creditor to proceed with its claims against the Debtor in the State Court Proceeding in order to pursue the available insurance proceeds. Debtor does not have an equity in the insurance proceeds above the deductible. Further, as the Debtor has no ownership interest in the insurance proceeds above the deductible, said property is not necessary to an effective reorganization.

15.     A bankruptcy estate is not considered to have an interest in proceeds of liability insurance policies. Since the debtor would have no right to the proceeds of liability insurance, such proceeds are not considered property of the bankruptcy estate. *In re Suncruz Casinos, LLC*, 377 B.R. 751, 749 (Bankr. S.D. Fla. 2007). Stay relief to allow a personal injury claimant to pursue an against the debtor as a nominal defendant for the purpose of recovering under an insurance policy is appropriate. *Id.*

16.     Due to the estate's lack of interest in the liability policy proceeds, courts typically hold that debtors do not suffer prejudice when creditors obtain stay relief to liquidate claims that are covered by such proceeds. *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 975 (11th Cir. 1989) (Allowing stay relief and finding the "debtor is not prejudiced by exposure to the liability claim because the debtor and his property are not subject to any risk and maintenance of suit does not frustrate the policy of the Bankruptcy Code in giving the debtor a fresh start in his economic life."); *see also, In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 734 (7th Cir. 1991) ("Debtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for recovery against insurers, sureties, or guarantors."), *citing, In re Mann*, 58 B.R. 953, 958 (Bankr. W.D. Va. 1986).

17.     There are no known circumstances in this case where the insurance proceeds could ever become part of the Debtor's bankruptcy estate. Therefore, the estate would not be in any possible danger of suffering depletion if this Court grants Creditor's requested relief.

-5-

18.     Further, as the primary parties in interest in the State Court Proceedings, the Debtor's insurer(s) would be highly motivated to provide a vigorous defense. The Debtor would not need to expend its resources in that regard.

19.     Creditor does not intend to and will not seek recovery against the Debtor's assets for any judgment entered in the State Court Proceedings.

**WHEREFORE**, for the foregoing reasons, it is respectfully prayed that this Court enter an Order terminating and/or modifying the automatic stay and enter an Order 1) authorizing Creditor to prosecute its claims to judgment against the Debtor solely to pursue recovery of any available insurance coverage proceeds above the applicable deductible to satisfy its claim; 2) authorizing Creditor to proceed with its claims against the Debtor in the State Court Proceedings to liquidate its claim in support of his proof of claim to be filed in this case; and 3) for such other and further relief as this Court may deem just and proper under the circumstances.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 8, **2019**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

BEHAR, GUTT & GLAZER, P.A.
Attorneys for Creditor Armando Campo
1855 Griffin Road, DCOTA, Suite A-350
Fort Lauderdale, Florida 33004
Telephone: (954) 733-7030
Email: bsb@bgglaw.com
Email: redwards@bgglaw.com

By:  /s/ Brian S. Behar
     BRIAN S. BEHAR     FBN 727131

Case Number: CACE-19-003947 Division: 09
Filing # 85209384 E-Filed 02/20/2019 11:33:15 AM

IN THE CIRCUIT COURT FOR THE
17TH JUDICIAL CIRCUIT, IN AN FOR
BROWARD COUNTY, FLORIDA

CASE NO.:

ARMANDO CAMPO,

    Plaintiff,

v.

MAGNUM CONSTRUCTION MANAGEMENT, LLC

    Defendant.

_____/

## COMPLAINT

The Plaintiff, ARMANDO CAMPO, by and through his undersigned attorney, hereby sues the Defendant, MAGNUM CONSTRUCTION MANAGEMENT, LLC, and alleges:

1. That this is an action for damages in excess of $15,000.00 exclusive of costs of this action.

2. That at all times material hereto, the Plaintiff, ARMANDO CAMPO, was a resident of Broward County, Florida and is, in all other respects, sui juris.

3. On October 21, 2016, the Defendant was engaged in construction work on the premises of Port Everglades in Broward County, Florida.

4. At that time and place, the Plaintiff was employed as a maintenance supervisor by Broward County and was performing his duties on the premises of Port Everglades.

5. Plaintiff's duties included using a motorized cart to travel along a roadway between buildings at Port Everglades.

6. Defendant knew or should have known that the roadway was regularly used by persons working at Port Everglades

7. Defendant removed several light poles along the roadway and turned off electricity to several others.

8. As part of the construction work being conducted, Defendant placed a concrete barrier blocking the roadway used by Plaintiff.

9. Defendant failed to place lighting or warnings in the area of the concrete barrier.

10. Defendant allowed a black tarp to be left covering the concrete barrier, making the barrier even less visible in low-light conditions.

11. In the pre-dawn hours of October 21, 2016, Plaintiff drove a motorized cart on the roadway.

12. Plaintiff was not warned of barriers in the roadway.

13. Plaintiff had no reason to believe that the roadway was blocked and was unable to see the barrier in the low-light conditions.

14. The motorized cart operated by Plaintiff struck the concrete barrier.

15. As a result, the Plaintiff has suffered injuries in and about his body and extremities, suffered pain therefrom, incurred medical expense in the treatment of the injuries, suffered physical handicap, and suffered impairment of his working ability. The injuries are either permanent or continuing in nature and the Plaintiff will suffer losses and impairment in

the future.

16. Had Defendant provided sufficient warnings to persons driving on the roadway or ensured sufficient lighting in the area of the barriers for persons driving on the roadway, Plaintiff would not have struck the concrete barrier

17. The Plaintiff demands a jury trial on all issues so triable.

WHEREFORE, the Plaintiff, ARMANDO CAMPO, demands judgment against the Defendant, MAGNUM CONSTRUCTION MANAGEMENT, LLC for compensatory damages, pre-judgment interest, costs, and such other relief as this Court shall deem just.

Dated this 20th day of February, 2019.

    Baisden & Perez, LLC
    Attorneys for Plaintiff
    400 N. Pine Island Road, Suite 200
    Plantation, FL  33324
    Telephone:  (954) 749-0500


    By: /s/ Alexander Baisden
        ALEXANDER BAISDEN
        FL BAR NO.:  99698

```
Label Matrix for local noticing         Agricultural Land Services, Inc.        American Express Travel Related Services Com
113C-1                                   1200 North Federal Highway              c/o Becket & Lee LLP
Case 19-12821-AJC                        Suite 420                               POB 3001
Southern District of Florida             Suite 420                               Malvern, PA 19355-0701
Miami                                    Boca Raton, FL 33432-2847
Fri May  3 15:25:56 EDT 2019

Atlantic Shutters, Inc.                  Bank of America, N.A.                   Berkshire Hathaway Specialty Insurance
1970 N.E. 153 Street                     c/o Bush Ross                           c/o Patrick M. Mosley
Bay #7                                   Post Office Box 3913                    Hill Ward Henderson
North Miami Beach, FL 33162-6062         Tampa, FL 33601-3913                    101 E. Kennedy Blvd.
                                                                                 Suite 3700
                                                                                 Tampa, FL 33602-5195

Broward County                           Carrfour Supportive Housing, Inc.       Carrollton-Farmers Branch ISD
Attn:  Bankruptcy Section                c/o Shutts & Bowen LLP                  c/o Linda D Reece
c/o Angela J Wallace Esq                 4301 W. Boy Scout Blvd., Suite 300      1919 S Shiloh Rd #310
115 S. Andrews Ave. Rm. 423              Tampa, FL 33607-5716                    Garland, TX 75042-8293
Ft. Lauderdale, FL 33301-1826

Caterpillar Financial Services Corporation   Cemex Construction Materials Florida, LLC   Ceres Environmental Services, Inc.
c/o Blake J. Delaney, Esq.               c/o Edward J. Peterson, Esq.            c/o Law Office of Daniel Te Young, P.A.
401 E. Jackson St.                       110 E. Madison St., Ste 200             1600 South Federal Highway
Suite 2400                               Tampa, Fl 33602-4718                    Suite 570
Tampa, FL 33602-5236                                                             Pompano Beach, FL 33062-7558

Coalition Lift, LLC                      Dallas County                           Enterprise Fleet Management, Inc. as servici
c/o Shutts & Bowen LLP                   Linebarger Goggan Blair & Sampson, LLP  c/o Arthur C. Neiwirth, Esq.
4301 W. Boy Scout Blvd., Suite 300       c/o Elizabeth Weller                    Quintairos, Prieto, Wood & Boyer, P.A.
Tampa, FL 33607-5716                     2777 N. Stemmons Frwy Ste 1000          1 East Broward Blvd.
                                         Dallas, Tx 75207-2328                   Suite 1200
                                                                                 Ft. Lauderdale, FL 33301-1842

FIGG Bridge Engineers, Inc.              Florida International University        Florida Tilt, Inc.
c/o Patricia A. Redmond                  c/o Monique D. Hayes, Esq.              12401 SW 134th CT, Unit #15
Stearns Weaver Miller                    199 E. Flagler St., #405                Miami, FL 33186-6414
150 W. Flagler St., #2200                Miami, FL 33131-1103
Miami, FL 33130-1545

G. Proulx Building Products, LLC         Gannett Fleming, Inc.                   Greenwich Insurance Company
1200 North Federal Highway               c/o The Salkin Law Firm P.A.            c/o Meltzer, Purtill & Steele LLC
Suite 420                                POB 15580                               300 South Wacker Drive, Suite 2300
Boca Raton, FL 33432-2847                Plantation, FL 33318-5580               Chicago, IL 60606-6701

Grove Services of Miami, Inc             Indian Harbor Insurance Company         Islands Mechanical Contractors, Inc.
28375 S.W. 197th Avenue                  c/o Meltzer, Purtill & Steele LLC       3070 Blanding Blvd
Homestead, Fl 33030-7528                 300 South Wacker Drive, Suite 2300      Jacksonville, FL 32068-6337
                                         Chicago, IL 60606-6701

Kelly Tractor Company                    Kurtzman Carson Consultants LLC         Magnum Construction Management, LLC
c/o Ross R. Hartog, Esq                  2335 Alaska Avenue                      6201 SW 70th Street
101 NE Third Ave.                        El Segundo, CA 90245-4808               1st Floor
Suite 1210                                                                       Miami, FL 33143-4718
Fort Lauderdale, FL 33301-1147

Osprey Apartments, LLC                   R. Udelson dba PowerTrac                T.Y. Lin International
c/o Shutts & Bowen LLP                   c/o Ghidotti Berger, LLP                c/o Fernando J. Menendez, Esq.
4301 W. Boy Scout Blvd., Suite 300       3050 Biscayne Blvd., Ste 402            Sequor Law
Tampa, FL 33607-5716                     Miami, FL 33137-4143                    1001 Brickell Bay Drive
                                                                                 9th Floor
                                                                                 Miami, FL 33131-4937
```

Travelers Casualty and Surety Company of Ame
% Alberta L. Adams, Mills Paskert D
100 North Tampa Street, #3700
Tampa, FL 33602-5835

XL Insurance America, Inc.
c/o Meltzer, Purtill & Steele LLC
300 South Wacker Drive, Suite 2300
Chicago, IL 60606-6701

XL Specialty Insurance Company
c/o Meltzer, Purtill & Steele LLC
300 South Wacker Drive, Suite 2300
Chicago, IL 60606-6701

Dallas County
Linebarger, Goggan, Blair & Sampson, LLC
c/o Elizabeth Weller
2777 N. Stemmons Freeway Suite 1000
Dallas, TX 75207-2328

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Alejandro Ramirez
c/o Kozyak Tropin & Throckmorton LLP
2525 Ponce de Leon Blvd
9th Floor
Coral Gables, FL 33134-6039

Alexander Estupian
c/o Kozyak Tropin & Throckmorton LLP
2525 Ponce de Leon Blvd
9th Floor
Coral Gables, FL 33134-6039

Ana Maria Oviedo Garcia
c/o Kozyak Tropin & Throckmorton LLP
2525 Ponce de Leon Blvd
9th Floor
Coral Gables, FL 33134-6039

Carlos Chapman
c/o Kozyak Tropin & Throckmorton LLP
2525 Ponce de Leon Blvd
9th Floor
Coral Gables, FL 33134-6039

Carlos Eduardo Badillo
c/o Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Blvd
9th Floor
Coral Gables, FL 33134-6039

Chelsea Leighann Brownfield
c/o Kozyak Tropin & Throckmorton LLP
2525 Ponce de Leon Blvd
9th Floor
Coral Gables, FL 33134-6039

Curt Albin
6050 Azle Ave
Lake Worth, TX 76135-2603

Eloy Arriera
7700 N. Kendall Dr., Ste 703
12335 SW 31 St
Miami, FL 33175-2234

Emily Joy Panagos
c/o Kozyak Tropin & Throckmorton LLP
2525 Ponce de Leon Blvd
9th Floor
Coral Gables, FL 33134-6039

Erika Chapman
c/o Kozyak Tropin & Throckmorton LLP
2525 Ponce de Leon Boulevard
9th Floor
Coral Gables, FL 33134-6039

Gina Duran
c/o Kozyak Tropin & Throckmorton LLP
2525 Ponce de Leon Blvd
9th Floors
Coral Gables, FL 33134-6039

Jenna Mendez
c/o Kozyak Tropin & Throckmorton LLP
2525 Ponce de Leon Blvd
9th Floor
Coral Gables, FL 33134-6039

Jordi Guso Esq.
1450 Brickell Ave #1900
Miami, FL 33131-3453

Jorge Munilla
c/o Jesus M. Suarez
100 SE 2 St
44th Floor
Miami, FL 33131-2100

Jose Perez
C/O The Law Office of Tesha Allison
5911 NW 173 Drive
Suite 15
Miami Lakes, FL 33015-5122

Juan Munilla
c/o Jesus M. Suarez
100 SE 2 St
44th F
Miami, FL 33131-2100

Katrina Collazo de Armas
c/o Kozyak Tropin & Throckmorton LLP
2525 Ponce de Leon Blvd
9th Floor
Coral Gables, FL 33134-6039

Kimberly Ann Babbitt
c/o Kozyak Tropin & Throckmorton LLP
2525 Ponce de Leon Blvd.
9th floor
Coral Gables, FL 33134-6039

Marquise Rashaad Hepburn
c/o Kozyak Tropin & Throckmorton LLP
2525 Ponce de Leon Blvd
9th Floor
Coral Gables, FL 33134-6039

Martha Mercedes Plaza Cevallos
c/o Kozyak Tropin & Throckmorton LLP
2525 Ponce de Leon Blvd
9th Floor
Coral Gables, FL 33134-6039

Orlando Duran
c/o Kozyak Tropin & Throckmorton LLP
2525 Ponce de Leon Blvd
9th Floor
Coral Gables, FL 33134-6039

Patricia Belville
c/o Kozyak Tropin & Throckmorton LLP
2525 Ponce de Leon Blvd
9th Floor
Coral Gables, FL 33134-6039

Paul A Avron Esq.
One Town Center Road, Ste. 301
Boca Raton, FL 33486-1014

Pedro Munilla
c/o Jesus M. Suarez
100 SE 2 St
44
Miami, FL 33131-2100

Randy Hanson
c/o Kozyak Tropin & Throckmorton LLP
2525 Ponce de Leon Blvd
9th Floor
Coral Gables, FL 33134-6039

| | | |
|---|---|---|
| Randy Joe Hanson<br>c\o Paul Jon Layne Esq<br>236 Valencia Ave<br>Coral Gables, FL 33134-5906 | Raul Munilla<br>c/o Jesus M. Suarez<br>100 SE 2 St<br>44<br>Miami, FL 33131-2100 | Richard Luis Humble<br>c/o Kozyak Tropin & Throckmorton LLP<br>2525 Ponce de Leon Blvd<br>9th Floor<br>Coral Gables, FL 33134-6039 |
| Richard N Gillies<br>2701 N Rocky Point Dr #630<br>Tampa, FL 33607-5921 | Terry Hanson<br>c/o Kozyak Tropin & Throckmorton LLP<br>2525 Ponce de Leon Blvd<br>9th Floor<br>Coral Gables, FL 33134-6039 | Terry Sue Hanson<br>c\o Paul Jon Layne Esq<br>236 Valencia Ave<br>Coral Gables, FL 33134-5906 |
| Velta Young<br>Distefano & Kennedy, PLC<br>7471 W. Oakland Park Blvd<br>Ste. 106<br>Fort Lauderdale, FL 33319-4921 | Winsome Joy Campbell<br>c/o Kozyak Tropin & Throckmorton LLP<br>2525 Ponce de Leon Boulevard<br>9th Floor<br>Coral Gables, FL 33134-6039 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Creditors Committee | (u)Gannett Fleming Project Development Corpor | (u)Greenwich Insurance Company |
| (u)Herc Rentals, Inc. | (u)Indian Harbor Insurance Company | (u)Unlimited Turf, LLC |
| (u)XL Insurance America, Inc. | (u)XL Specialty Insurance Company | (u)Miami |
| (d)American Express Travel Related Services C Inc.<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern  PA 19355-0701 | (u)Evan Gershbein | (u)Michael Sode |

End of Label Matrix
Mailable recipients     67
Bypassed recipients     12
Total                   79