UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:                                                                        Chapter 11 Case

MAGNUM CONSTRUCTION MANAGEMENT,                Case No.: 19-12821-AJC
LLC f/k/a Munilla Construction Management, LLC,1

     Debtor.
_____/

## DEBTOR'S MOTION TO APPROVE COMPROMISE
## OF CONTROVERSY WITH ALEJANDRO RAMIREZ

**Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.**

Magnum Construction Management, LLC, f/k/a Munilla Construction Management, LLC (the "Debtor"), pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9019, Local Rules 9019-1 and 9013-1(D)(3)(b), respectfully moves (the "Motion") for entry of an order approving the settlement agreement (the "Agreement") with Alejandro Ramirez ("Ramirez," with the Debtor, the "Parties").  In support, the Debtor relies upon the following facts and matters of law.

### A.     Jurisdiction and Venue

1. The Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

9094564-2

**B.     Background**

4.      On March 1, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

5.      The Debtor is operating its business and managing its affairs as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code

6.      For a detailed description of the Debtor, the Debtor respectfully refers the Court and parties in interest to the *Declaration of Debtor's Chief Financial Officer in Support of First Day Pleadings* [ECF No. 8], filed on the Petition Date.

7.      On March 14, 2019, the United States Trustee appointed an Official Committee of Unsecured Creditors. [ECF No. 109]

8.      Prior to the Petition Date, on February 19, 2019, Ramirez filed a Complaint against the Debtor in the Circuit Court in and for Miami-Dade County, Case No. 2019-004829-CA-01 (the "State Action").  In the State Action, Ramirez alleges that the Debtor's negligence resulted in Ramirez being seriously injured on April 8, 2017, as he was walking near one of the Debtor's construction projects.

9.      On April 1, 2019, the Court entered an *Agreed Order Granting Ex-Parte Motion for Stay Relief to Proceed with Mediation Only to Extent of Limited Insurance Coverage for Matter that is Separate from and Pre-Dates Insurance Policy in Effect for the FIU Bridge Cases* [ECF No. 146].  Thereafter, on April 17, 2019, the Parties proceeded with mediation in an effort to resolve the State Action, with Ramirez agreeing that he would not seek more than any applicable insurance coverage.

10.     Following good faith, arms' length negotiations, and after evaluating their respective positions, the Debtor and Ramirez desire to settle and compromise the State Action on

the terms set forth herein. The parties acknowledge that the time, effort, and expense of litigating the State Action would likely be substantial. Given the cost of discovery, bringing these matters to and through trial, and the expenditure of additional time and resources, as well as the risks associated with trial, the Debtor believes that the following settlement of the State Action is in the best interests of the Debtor's creditors and the Estate.

### C.    The Settlement Agreement

11.    A copy of the redacted Agreement[1] (titled "General Release") between the bankruptcy estate and Ramirez is attached to this Motion as **Exhibit A**. A summary of the principal terms are as follows:[2]

- Ramirez will receive a sum certain from of the Debtor's insurance carriers.

- Ramirez will receive no distribution from the Debtor' bankruptcy estate on account of his claim.

- Ramirez will release a number of parties from any further liability in connection with the accident that occurred on April 8, 2017 (the "Release").

### D.    Relief Requested

12.    The proposed Agreement is the product of meaningful arms-length negotiations and review of pertinent information. The Debtor believes that the settlement is fair and reasonable, is

---

[1] The amount to be paid to Ramirez is to remain confidential. The Debtor submits that it is appropriate to keep confidential this information because 100% of the settlement is being funded by the Debtor's insurers from proceeds of a policy from a year *prior* to the collapse of the Pedestrian Bridge at Florida International University. Stated another way, because no cash from the Debtor's estate is being used to fund the settlement with Ramirez, there is a good faith basis for not disclosing the amount of the settlement, and none of the Debtor's creditors will suffer any prejudice as a result of non-disclosure of the amount of monies being paid to compromise Ramirez's claim.

[2] The Debtor refers the Court and parties-in-interest to the Agreement for the full terms of the Agreement. Any capitalized terms not defined herein shall have the meaning ascribed to them in the Agreement.

in the best interests of the estate and its creditors, and should be approved. The Debtor, therefore, respectfully requests that the Court enter an order granting this Motion and approving the Agreement.

13. "Settlements are generally favored in bankruptcy proceedings, in that they provide for an often needed and efficient resolution in a bankruptcy case." *Tindall v. Mavrode (In re Mavrode)*, 205 B.R. 716, 719 (Bankr. D. N.J. 1997); *see also In re Stein*, 236 B.R. 34, 37 (D. Or. 1999) ("Pursuant to Bankruptcy Rule 9019(a), compromises are favored in bankruptcy"). The Supreme Court has held that compromises and settlements in bankruptcy should be approved if they are "fair and equitable." *Protective Comm. for Indep. Stockholders of T.M.T. Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1960).

14. Bankruptcy Rule 9019(a) provides: "On motion ... and after a hearing on notice to creditors, the debtor ... and to such other entities as the court may designate, the court may approve a compromise or settlement." As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion."  *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (internal citations omitted).

15. The standard for approving a settlement or compromise is well established. The Court must consider all of the relevant facts and evaluate whether the proposed compromise falls below the "lowest point in the range of reasonableness." *In re Martin*, 490 F.3d 1272, 1276 (11th Cir. 2007) (citing *Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir. 1983)); *GMGRSST, Ltd. v. Menotte (In re Air Safety Intl., L.C.)*, 336 B.R. 843 (S.D. Fla. 2005); *In re Southeast Banking Corp.*, 314 B.R. 250, 272 (Bankr. S.D. Fla. 2004) (citations omitted). If the

4

settlement does not fall below the lowest point in the range of reasonableness, the Court should approve the settlement. *See id.*

16. In order to evaluate whether to approve a settlement, the Court must consider the four factors set forth by the Eleventh Circuit in *Wallis v. Justice Oaks, II, Ltd.*, (*In re Justice Oaks II, Ltd.*), 898 F.2d 1544, 1549 (11th Cir. 1990) (the "Justice Oaks II Factors"):

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* Applying each of these factors to the circumstances of this case, the proposed settlement falls well above the lowest point in the range of reasonableness, and accordingly should be approved. The settlement is the product of arms' length, good faith negotiations between the Parties, including exchange of discovery and correspondence, legal theories, and other matters advanced by each Party in support of its position. The probability of the Debtor's success in defeating Ramirez's negligence claim is uncertain, and the Debtor bears the risk that Ramirez could obtain an even higher recovery at trial, potentially above the Debtor's insurance coverage limits.

17. Collection concerns do not exist in this case. The purpose of the Agreement is to protect the Estate from the cost of the litigation, and limit Ramirez's recovery to available insurance coverage. The cost savings achieved by the Parties' resolution weighs heavily in favor of settlement. Finally, the Agreement is in the best interest of creditors because it reduces administrative costs and eliminates a significant claim without depleting estate assets.

### E.    Conclusion

18. In an exercise of the Debtor's sound and prudent business judgment after consultation with counsel, the Debtor believes this settlement is a reasonable compromise of the

State Action.  The Debtor asserts that the proposed settlement satisfies all four of the *Justice Oaks II* factors, and falls well above the lowest point in the range of reasonableness. Accordingly, the Debtor respectfully requests that Court enter an order approving the Agreement.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached as **Exhibit B**: (a) granting this Motion; (b) approving the Agreement; and (c) granting such other relief as the Court deems just and proper.

Dated: May 10, 2019

Respectfully submitted,

BERGER SINGERMAN LLP
*Counsel for Debtor and Debtor-in-Possession*
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By:   /s/ Paul A. Avron
      Jordi Guso
      Florida Bar No. 863580
      jguso@bergersingerman.com
      Paul A. Avron
      Florida Bar No. 50814
      pavron@bergersingerman.com

9094564-2

# **EXHIBIT A**

# **(Agreement)**

9094564-2

## General Release

**KNOW ALL MEN BY THESE PRESENTS** that Alejandro Ramirez his heirs, assigns, legal representatives, successors and personal representatives, hereinafter referred to as the Releasing Parties for and in consideration of the total sum of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ receipt of which is hereby acknowledged, have released, acquitted, and discharged, and by these presents do hereby release, acquit, and forever discharge, Magnum Construction Management, LLC f/k/a MCM Construction of Florida, LLC f/k/a Munilla Construction Management, LLC., as debtor and debtor-in-possession, its Bankruptcy Estate, The Florida Department of Transportation, The State of Florida, and their insurers, Greenwich Insurance Company and XL Insurance America, Inc., all of their parent corporations, subsidiaries, and affiliates, including all officers, directors, and employees, past and present, any reinsurer or insured thereof, and employees, their respective administrators, successors, predecessors, assigns, employees, agents, attorneys, officers, directors, and representatives, hereinafter referred to as the Released Parties, of and from any and all claims, actions, causes of action, damages or demands, both compensatory and punitive, in whatever name or nature, in tort, in contract or by statute, in any manner arisen, arising, or growing out of any and all damages, expenses, or losses sought or claimed, of whatever name or nature, past, present, or future, which in any way arise out of or were the result of an accident occurring on or about April 8, 2017 at or near West Broward Blvd. (State Road 842) near the intersection of N.W. 7th Avenue in Broward County, Florida.

This release covers any and all claims of the Releasing Parties for pain and suffering past, present and future, permanent disability, bodily injury, loss of earnings, loss of earning capacity, surgery, past, present, and future, hospital and medical expenses, expenses of any health care providers, pharmaceutical or drug expenses,



whether past, present, or future, and all other claims of consequential damages and expenses which have arisen, arise, or which may hereafter arise out of the incidents or matters which were alleged in, or could have been alleged in Alejandro Ramirez v. Magnum Construction Management, LLC f/k/a MCM Construction Management, LLC f/k/a MCM Construction of Florida, LLC f/k/a Munilla Construction Management, LLC Case No 2019-004829-CA-01 in the Circuit Court in and for Miami-Dade County, Florida. Further, the Releasing Parties hereby agree to indemnify, save, defend, and hold harmless the Released Parties from any and all claims, subrogated interests, or liens of any third parties including, but not limited to Medicare or Medicaid, the United States, the State of Florida, any governmental entity lien, past and future, hospital and physician's liens, workers' compensation liens, health care liens or subrogation rights, attorney's fee, charging liens, any local county, city, state or federal government liens, Internal Revenue Service liens, and any and all other subrogated interests or liens, regardless of their source. The Releasing Parties acknowledge that it is their responsibility to satisfy any of the foregoing liens or subrogated interests from the proceeds of this settlement. Plaintiff agrees that the released parties may elect to pay any CMS or MAO lien directly from the settlement funds.

As a condition of and to induce settlement, the Released Parties and their insurer(s) have requested and Plaintiff and their counsel have agreed to determine if Medicare (hereinafter CMS and includes Part C Medicare Advantage Organizations (a/k/a MAO) and/or Medicaid [all collectively referred to as CMS] has any past or future lien interest, and if so, to take all necessary steps to satisfy such liens, past and future. The settlement is based upon a good faith determination of the parties in order to resolve a questionable claim. The parties have attempted to resolve this matter in compliance with both state and federal law and it is believed that the settlement terms adequately consider Medicare's interests and do not reflect any attempt to shift the

*AR*

responsibility of treatment to Medicare. The purpose of this settlement is to resolve a disputed claim.

If Medicare has a lien or has made payments of Medicare benefits, Plaintiff will do the following:

1. **Reporting:** Plaintiff agrees the settlement will be reported to the Center for Medicare Services (CMS) and determine whether the Plaintiff is a Medicare beneficiary or Medicare eligible as defined by 42 U.S.C. Section 1395(y) and 42 C.F.R. Section 411.25 (hereinafter the Medicare Secondary Payer Statute). Plaintiff will notify Released Parties in writing if CMS has a lien, reporting or set aside requirement and provide the releasor's full address, Social Security Number, date of birth, gender and if available, their Medicare Health Insurance Claim Number (HICN). Provision of this information is a condition of settlement and spaces are provided at the end of the release for compliance. Plaintiff agrees that Released Parties or their insurer(s) may also report the settlement to Medicare and consent to such reporting and agree to cooperate fully with the Released Parties and their insurer with respect to such reporting. The parties agree that any present or future action or decision by Medicare on this settlement or Plaintiff's eligibility or entitlement to Medicare benefits in the future, will not render this release void or ineffective, or in any way affect the finality of this settlement. Plaintiff agrees the following information may be reported to Medicare:

FULL NAME ON SOCIAL SECURITY CARD: _Alejandro Ramirez_

SOCIAL SECURITY NUMBER: ███████████

DATE OF BIRTH: ███/__/85

GENDER: _Male_

MEDICARE HEALTH INSURANCE CLAIM NUMBER (HICN): _none_

2. **Conditional Payment Liens:** Plaintiff further covenants and agrees that if CMS or a Medicare Advantage Organization (hereinafter MAO) has made conditional payments and/or has a lien and/or is expected to make future payments prior to



closing, Plaintiff agrees not to disburse the settlement funds until he has (i) reported the settlement to CMS; (ii) obtained a *Conditional Payment Notice and Demand Letter;* (iii) fully paid and satisfied the Medicare lien; and (iv) obtained proof of iii by faxing Released Parties the *Final Payment, Reimbursement and Recovery Demand Letter.* Plaintiff agrees that the released parties may elect to pay CMS or MAO lien directly from the settlement funds. Plaintiff acknowledges CMS may charge interest on any additional payments not made within 60 days and Plaintiff agrees to be responsible for such interest should it accrue.

3. **Medicare Set Asides:** It is further expressly understood and agreed, to the extent applicable, Plaintiff agrees to set aside funds necessary to pay for any anticipated future medical and/or health care needs of Plaintiff, for any injury and/or condition that requires treatment that arises from the injuries related and/or caused by the accident in question. Plaintiff has conferred with his medical experts to determine the amount necessary to set aside and self administer for anticipated future medical expenses or healthcare needs. Plaintiff agrees to set aside $ __N|A__ of the settlement for these purposes and notify Medicare that these funds have been set aside. If an LMSA or Medical Cost Projection was done, the amount stated therein shall be set aside. Any LMSA or Medical Cost Projection is hereby incorporated by reference into this agreement. Alternatively, if nothing has been set aside for future costs it is because Plaintiff has covenanted that he does not reasonably anticipate that he will require medical and/or health care treatment for the injuries and/or conditions related and/or arising from the accident in question and to the extent he does, he will use the net settlement proceeds for related costs if they are incurred.

4. **Cooperation and Indemnity:** Plaintiff and his counsel agree to fully cooperate with the Released Parties and CMS at Plaintiff's own expense with respect to these provisions, including production of documents or information or preparation of a Medicare set aside. Plaintiff agrees to execute any authorizations required by Released Parties, their insurer(s) or CMS for purposes of complying with these paragraphs. Plaintiff and his counsel understand that these conditions are a basis of the settlement and Plaintiff's counsel agrees to the above terms. Plaintiff acknowledges that additional reimbursement may be due to Medicare and as such remain obligated to Medicare for any such additional payments. Plaintiff agrees to hold harmless and indemnify the Released Parties and their insurers, including their own negligence, from and against any and all liens, interest, damages, including costs and attorney's fees, for Plaintiff's failure to comply with the terms of this release, for plaintiff's failure to reimburse Medicare or any Medicare Advantage Organization (MAO) and for any action

taken by Medicare to determine the validity of this release, the validity of any reimbursement, the validity of any lien or validity of any set aside (self allocated or otherwise).

The Releasing Parties further agree to release, acquit and forever discharge the Released Parties for any claim or claims for bad faith or extra-contractual damage claims of any nature arising out of the investigation, claims handling and/or adjustment of claims arising from the April 8, 2017 accident. The Releasing Parties specifically acknowledge and agree that this release shall operate to release all such claims, whether or not the same were specifically litigated in Case No. 2019-004829-CA-01.

The Releasing and Released Parties further agree that the terms of this Release and any amount paid shall remain **CONFIDENTIAL**, including the names of the Released Parties.

***ALL PARTIES TO THIS GENERAL RELEASE ARE TO BEAR THEIR OWN RESPECTIVE ATTORNEY'S FEES AND COSTS.***

It is understood and agreed that the payment made herein is not to be construed as an admission of any liability by or on behalf of the Released Parties; but, instead, the monies being paid hereunder as consideration for this release are being given in order to avoid litigation, the uncertainties stemming from litigation, as well as to protect and secure the good name and good will of the Released Parties.

To secure this settlement and the payment of the aforesaid sum, the undersigned hereby declares that he is of the legal age and that he relied wholly upon his own judgment, belief, and knowledge of the nature, extent, and duration of his injuries, disabilities and damages and that no representations or statements about any such claims, past, present, or future, made by any physician, agent, adjuster, attorney, or employee of the Released Parties, or their insurers, have influenced the undersigned in making or induced the undersigned to make this settlement.



Page 6

It is further acknowledged that there is no agreement or compromise on the part of the Released Parties to do or forego any act or thing not herein mentioned and that the within consideration is in full and complete settlement of any and all claims, damages, or demands of the undersigned against the Released Parties arising from or out of any and all matters referenced in this release.

I HAVE READ THIS GENERAL RELEASE AND HEREBY ACKNOWLEDGE THAT I UNDERSTAND AND ACCEPT ALL OF THE TERMS AND CONDITIONS THEREIN AND THAT I HAVE DONE SO WITH THE ADVICE OF MY COUNSEL, Christos Lagos.

WITNESS MY HAND AND SEAL THIS 2nd DAY OF May, Alejandro Ramirez

CAUTION READ BEFORE SIGNING!

Witness MANOLO REBOSO

Witness Nina Ortiz

ALEJANDRO RAMIREZ

STATE OF FLORIDA     )
                     :SS
COUNTY OF            )

SWORN TO and SUBSCRIBED before me by Alejandro Ramirez who is personally known to me or has produced (✓ ████████████████) as identification and who did/did not take an oath and verified that she executed the foregoing General Release for the purposes expressed therein.

AR

Page 7

DATED this 2ⁿᵈ day of May, 2019, Alejandro Ramirez



NOTARY PUBLIC, State of Florida

Signature of Notary Public

Typed or Printed Name of Notary Public
Gabriela Hernandez

My commission expires:
01/14/2023

XLE-27411/
:DAL

AR

## Medicare Compliance Acknowledgement

It is understood and agreed that the information provided below will be provided to The Centers for Medicare and Medicaid Services pursuant to The Medicare, Medicaid and SCHIP Extension Act of 2007.

Full Name as it appears on your Social Security Card
_Alejandro Ramirez_

Social Security Number
_[redacted]_
(If none, so state)

Address
_601 NW 128 PL_
_Miami, FL, 33182_

Date of Birth
_[redacted]/1985_

Medicare Health Insurance Claim Number (HICN)
_none_
(If none, so state)

Gender
_M_

AR

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:                                                                                              Chapter 11 Case

MAGNUM CONSTRUCTION MANAGEMENT,                      Case No.: 19-12821-AJC
LLC f/k/a Munilla Construction Management, LLC,1

    Debtor.
_____/

### ORDER GRANTING DEBTOR'S MOTION TO APPROVE COMPROMISE
### OF CONTROVERSY WITH ALEJANDRO RAMIREZ

**THIS MATTER** came before the Court, without a hearing, upon the *Debtor's Motion to Approve Compromise of Controversy With Alejandro Ramirez* [ECF No.    ], filed by the Debtor, Magnum Construction Management, LLC, f/k/a Munilla Construction Management, LLC (the "Debtor"), filed pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9019, and Local Rules 9019-1 and 9013-1(D)(3)(b), for entry of an order approving the Debtor's settlement agreement (the "Agreement") with Alejandro Ramirez.  The Court, having considered the Motion and the Agreement attached thereto as Exhibit "A", and, having noted that the Debtor, by submitting this form of Order, has represented that the Motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the Debtor, a response to the Motion, and that the form of Order was attached as an exhibit to the Motion.  The Court finding that the settlement is in the best interest of the Estate, and that good cause exists for its approval, does thereupon

    **ORDER** as follows:

9094564-2

1. The Motion is **GRANTED**.

2. The Agreement is **APPROVED** in all respects.

3. The Parties are directed to take any and all action and execute any and all documents necessary to effectuate the terms of the settlement.

4. The Court reserves exclusive jurisdiction to interpret and enforce the terms of the Agreement.

# # #

Submitted by:
Jordi Guso, Esq.
Paul A. Avron, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Tel. (305) 755-9500
Fax (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  pavron@bergersingerman.com

Copies furnished to:
Jordi Guso, Esq.
*(Attorney Guso is directed to serve a signed copy of this Order upon all interested parties and to file a Certificate of Service with the Court.)*

9094564-2