UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:                                                    Chapter 11 Case

MAGNUM CONSTRUCTION MANAGEMENT,          Case No.: 19-12821-AJC
LLC f/k/a Munilla Construction Management, LLC, [1]

      Debtor.

_____/

### DEBTOR'S *EX PARTE* MOTION (I) TO ADD CLAIM OBJECTION CATEGORIES TO OMNIBUS OBJECTIONS; AND (II) TO WAIVE REQUIREMENTS OF LOCAL RULE 3007-1(C) THAT OBJECTION BE LIMITED TO FIVE CLAIMS PER PLEADING, *NUNC PRO TUNC* TO JULY 30, 2019

Magnum Construction Management, LLC f/k/a Munilla Construction Management, LLC (the "Debtor"), by and through undersigned counsel, pursuant to Rule 3007(c), Fed. R. Bankr. P., and Local Rule 9013-1(C), files this *Debtor's Ex Parte Motion (I) to Add Claim Objection Categories to Omnibus Objections; and (II) to Waive Requirements of Local Rule 3007-1(C) That Objection Be Limited to Five Claims Per Pleading, Nunc Pro Tunc to July 30, 2019* (the "Motion"). The Motion seeks entry of an order authorizing the Debtor, in omnibus claims objections, to (i) add categories ***not*** included in Rule 3007(d)(1)-(8), Fed. R. Bankr. P., that is, claims without basis and misclassified claims, *i.e.*, general unsecured claims filed as unsecured priority or secured claims, and any other applicable bases for asserting objections; and (ii) to waive the requirement set forth in Local Rule 3007-1(C) limiting objections to claims to five claims per pleading. In support of the Motion, the Debtor respectfully represents as follows

_____

[1] The Debtor's address is 6201 SW 70th Street, 1st Floor, Miami, FL 33143. The last four digits of the Debtor's federal tax identification number are 3403.

## I.    Background

1.      On March 1, 2019 (the "Petition Date"), the Debtor commenced with this Court a voluntary case under chapter 11, title 11 of the United States Code (the "Bankruptcy Code"). [ECF No. 1].

2.      The Debtor is authorized to operate its businesses and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On or about March 14, 2019, the Office of the U.S. Trustee constituted the Official Committee of Unsecured Creditors of Magnum Construction Management, LLC (the "Committee"). [ECF No. 109].

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      As of the filing of this Motion, approximately 273 claims have been filed in this case with the Debtor's noticing and claims agent, Kurtzman Carson Consultants LLC, some of which have been amended, and many of which are duplicative.   In addition, there are multiple claims that the Debtor believes were improperly classified.

## II.  Relief Requested And Basis Therefor

7.      Bankruptcy Rule 3007(c) provides, in relevant part, that unless otherwise ordered by the Court or permitted by subsection (d), objections to more than one claim shall not be joined in a single objection. Fed. R. Bankr. P. 3007(c). Bankruptcy Rule 3007(d) provides that subject to subsection (e), objections to more than one claim may be joined in an omnibus objection if the objections are based "solely" on certain identified grounds. Rule 3007(d)(1)-(8), Fed. R. Bankr. P.   Upon a review of the claims, the Debtor has determined that there are bases for claim

9244112-1

objections **not** included in the list set forth in Rule 3007(d)(1)-(8), Fed. R. Bankr. P., that the Debtor seeks to assert, that is, claims without basis and misclassified claims, *i.e.*, general unsecured claims filed as unsecured priority or secured claims, and any other applicable bases for asserting objections that may exist.

8.      In an effort to prosecute claim objections in an efficient and cost-effective manner, the Debtor seeks leave of Court to include in its omnibus claim objections the additional grounds of claims without basis and misclassified claims which are not included in the list set forth in Rule 3007(d)(1)-(8), Fed. R. Bankr. P., and any other applicable bases for asserting objections that may exist. The ability to assert such additional objections in omnibus claim objections will benefit the estate by reducing the number of pleadings the Debtor will have to prepare which will benefit the Debtor's estate and its creditors.

9.      Further, Local Rule 3007-1(C) provides that objections to claims other than those filed in chapter 13 cases must comply with Bankruptcy Rule 3007, and that up to five objections to claim may be included in one pleading.   By this Motion, the Debtor seeks a waiver of this limitation to include only five claims in one omnibus objection. As set forth above, there are 273 claims filed in the Debtor's case as of the filing of this Motion.   The Debtor anticipates that it will file multiple rounds of omnibus objections to claims in its chapter 11 case.   The Debtor seeks a waiver of the Local Rule requirement to limit the amount of claims contained in an omnibus objection to five, due to the number of claims that the Debtor anticipates objecting to in this case.

10.     The Debtor requests that an Order granting this Motion, if entered, approves the relief sought *nunc pro tunc* to July 30, 2019.

9244112-1

11.     Undersigned counsel contacted counsel for the Committee and the Office of the U.S. Trustee, who advised that the Committee and the Office of the U.S. Trustee consent to the relief requested in this Motion.

**WHEREFORE,** the Debtor respectfully requests entry of an Order in the form annexed hereto **Exhibit "A"** (i) authorizing the Debtor to include in its omnibus claim objections the additional grounds of claims without basis and misclassified claims which are not included in the list set forth in Rule 3007(d)(1)-(8), Fed. R. Bankr. P, and any other applicable bases for asserting objections; (ii) waiving the requirement of Local Rule 3007-1(C) that limits the number of claims that can be included in one pleading; and (iii) approves the relief sought *nunc pro tunc* to July 30, 2019.

Dated: July 31, 2019                    Respectfully submitted,

BERGER SINGERMAN LLP
*Counsel for Debtor and Debtor-in-Possession*
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By:    /s/ Paul A. Avron
       Jordi Guso
       Florida Bar No. 863580
       jguso@bergersingerman.com
       Paul A. Avron
       Florida Bar No. 50814
       pavron@bergersingerman.com

9244112-1

## EXHIBIT "A"

## (Proposed Order)

9244112-1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:                                                          Chapter 11 Case

MAGNUM CONSTRUCTION MANAGEMENT,                 Case No.: 19-12821-AJC
LLC f/k/a Munilla Construction Management, LLC,[1]

      Debtor.
_____/

**ORDER GRANTING DEBTOR'S *EX PARTE* MOTION (I) TO ADD CLAIM
OBJECTION CATEGORIES TO OMNIBUS OBJECTIONS; AND (II) TO WAIVE
REQUIREMENTS OF LOCAL RULE 3007-1(C) THAT OBJECTION BE
LIMITED TO FIVE CLAIMS PER PLEADING, *NUNC PRO TUNC* TO JULY 30, 2019**

      **THIS MATTER** having come before the Court in Chambers in Miami, Florida, upon the

*Debtor's Ex Parte Motion (i) to Add Claim Objection Categories to Omnibus Objections; and*

*(ii) to Waive Requirements of Local Rule 3007-1(C) That Objection Be Limited to Five Claims*

*Per Pleading, Nunc Pro Tunc to July 30, 2019*  (the "Motion") [ECF No. _____] filed by the

Debtor.[2]  The Motion seeks authority to add additional grounds to object to claims in anticipated

---

[1]  The Debtor's address is 6201 SW 70th Street, 1st Floor, Miami, FL 33143.  The last four digits of the
  Debtor's federal tax identification number are 3403.
[2]  All capitalized terms used herein shall have the meaning ascribed to them in the Motion.

omnibus claim objections not identified in Bankruptcy Rule 3007(d)(1)-(8), and for a waiver of the requirements of Local Rule 3007-1(C) that limits objections to claims to five claims per pleading.  The Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  The relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors.  Upon review of the Motion, the record before the Court, and being advised of the support of the Committee and the Office of the U.S. Trustee, good and sufficient cause exists to grant the relief requested.  Accordingly, it is **ORDERED** that:

1.      The Motion is **GRANTED**.

2.      The Debtor, in any omnibus objections to claims the Debtor may file in this Chapter 11 case, is authorized to include grounds for objections including, but not limited to, claims without basis and misclassified claims which are not included in the list of objections set forth in Rule 3007(d)(1)-(8), Fed. R. Bankr. P.

3.      In addition, the requirement of Local Rule 3007-1(C) that allows for no more than five objections to claims per pleading is waived.

4.      This Order shall apply to any other party-in-interest that has the right to file a claim objection in this Chapter 11 case.

5.      This Order is effective *nunc pro tunc* to July 30, 2019.

# # #

Submitted by:
Jordi Guso, Esq.
Paul A. Avron, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Tel. (305) 755-9500
Fax (305) 714-4340
jguso@bergersingerman.com
pavron@bergersingerman.com

2

9244171-1

Copies to:

Paul A. Avron, Esq.

*(Attorney Avron shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.)*

9244171-1