UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:                                                      Chapter 11 Case

MAGNUM CONSTRUCTION MANAGEMENT,            Case No.: 19-12821-AJC
LLC f/k/a Munilla Construction Management, LLC,1

      Debtor.

_____/

### DEBTOR'S MOTION TO APPROVE COMPROMISE
### OF CONTROVERSY WITH ARMANDO CAMPO

**Any interested party who fails to file and serve a written response to this
motion within 21 days after the date of service stated in this motion shall,
pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry
of an order in the form attached to this motion. Any scheduled hearing may
then be canceled.**

Magnum Construction Management, LLC, f/k/a Munilla Construction Management, LLC

(the "Debtor"), pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9019, Local Rules 9019-1

and 9013-1(D)(3)(b), respectfully moves (the "Motion") for entry of an order approving the

settlement agreement (the "Agreement") with Armando Campo ("Campo," with the Debtor, the

"Parties").  In support, the Debtor relies upon the following facts and matters of law.

### A.    Jurisdiction and Venue

1.    The Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and

1334.

2.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    This motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

**B.      Background**

4.      On March 1, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for

relief under chapter 11 of title 11 of the Bankruptcy Code.

5.      The Debtor is operating its business and managing its affairs as a debtor-in-

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code

6.      For a detailed description of the Debtor, the Debtor respectfully refers the Court

and parties in interest to the *Declaration of Debtor's Chief Financial Officer in Support of First*

*Day Pleadings* [ECF No. 8], filed on the Petition Date.

7.      On March 14, 2019, the United States Trustee appointed an Official Committee of

Unsecured Creditors. [ECF No. 109]

8.      Prior to the Petition Date, on February 20, 2019, Campo filed a Complaint against

the Debtor in the Circuit Court in and for Miami-Dade County, Case No.: 2019-003947-CA-09

(the "State Action").  In the State Action, Campo alleges that the Debtor's negligence resulted in

Campo sustaining certain personal injuries on October 21, 2016, while he was driving on the

roadway near the Debtor's construction project on the premises of the Port Everglades in Broward

County, Florida.

9.      On May 24, 2019, the Court entered an *Agreed Order Granting Granting Creditor*

*Armando Campo's Motion for Relief From the Automatic Stay Solely to Liquidate Its Claim and*

*Pursue Recovery From Insurance Policies and Proceeds (CP #230)* [ECF No. 230].

10.     Following good faith, arms' length negotiations, and after evaluating their

respective positions, the Debtor and Campo desire to settle and compromise the State Action on

the terms set forth herein.  The parties acknowledge that the time, effort, and expense of litigating

the State Action would likely be substantial.  Given the cost of discovery, bringing these matters

2

to and through trial, and the expenditure of additional time and resources, as well as the risks associated with trial, the Debtor believes that the following settlement of the State Action is in the best interests of the Debtor's creditors and the Estate.

**C.      The Settlement Agreement**

11.      A copy of the redacted Agreement[1] (titled "General Release") between the bankruptcy estate and Campo is attached to this Motion as **Exhibit A**.  A summary of the principal terms are as follows:[2]

- Campo will receive a sum certain from of the Debtor's insurance carrier.

- Campo will receive no distribution from the Debtor's bankruptcy estate on account of his claim.

- Campo will release the Debtor and a number of related or affiliated persons and entities from any further liability in connection with the accident that occurred on or about October 21, 2016 (the "Release").

**D.      Relief Requested**

12.      The proposed Agreement is the product of meaningful arms-length negotiations and review of pertinent information. The Debtor believes that the settlement is fair and reasonable, is in the best interests of the estate and its creditors, and should be approved.  The Debtor, therefore,

---

[1] The amount to be paid to Campo is to remain confidential. The Debtor submits that it is appropriate to keep confidential this information because 100% of the settlement is being funded by the Debtor's insurer from proceeds of a policy from over a year and a half *prior* to the collapse of the Pedestrian Bridge at Florida International University. Stated another way, because no cash from the Debtor's estate is being used to fund the settlement with Campo, there is a good faith basis for not disclosing the amount of the settlement, and none of the Debtor's creditors will suffer any prejudice as a result of non-disclosure of the amount of monies being paid to compromise Campo's claim.

[2] The Debtor refers the Court and parties-in-interest to the Agreement for the full terms of the Agreement.  Any capitalized terms not defined herein shall have the meaning ascribed to them in the Agreement.

9372597-1

respectfully requests that the Court enter an order granting this Motion and approving the Agreement.

13.     "Settlements are generally favored in bankruptcy proceedings, in that they provide for an often needed and efficient resolution in a bankruptcy case." *Tindall v. Mavrode (In re Mavrode)*, 205 B.R. 716, 719 (Bankr. D. N.J. 1997); *see also In re Stein*, 236 B.R. 34, 37 (D. Or. 1999) ("Pursuant to Bankruptcy Rule 9019(a), compromises are favored in bankruptcy"). The Supreme Court has held that compromises and settlements in bankruptcy should be approved if they are "fair and equitable." *Protective Comm. for Indep. Stockholders of T.M.T. Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1960).

14.     Bankruptcy Rule 9019(a) provides: "On motion ...  and after a hearing on notice to creditors, the debtor ... and to such other entities as the court may designate, the court may approve a compromise or settlement." As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion."  *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (internal citations omitted).

15.     The standard for approving a settlement or compromise is well established.  The Court must consider all of the relevant facts and evaluate whether the proposed compromise falls below the "lowest point in the range of reasonableness." *In re Martin*, 490 F.3d 1272, 1276 (11th Cir. 2007) (citing *Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir. 1983)); *GMGRSST, Ltd. v. Menotte (In re Air Safety Intl., L.C.)*, 336 B.R. 843 (S.D. Fla. 2005); *In re Southeast Banking Corp.*, 314 B.R. 250, 272 (Bankr. S.D. Fla. 2004) (citations omitted).  If the settlement does not fall below the lowest point in the range of reasonableness, the Court should approve the settlement. *See id.*

9372597-1

16.     In order to evaluate whether to approve a settlement, the Court must consider the four factors set forth by the Eleventh Circuit in *Wallis v. Justice Oaks, II, Ltd.*, (*In re Justice Oaks II, Ltd.*), 898 F.2d 1544, 1549 (11th Cir. 1990) (the "Justice Oaks II Factors"):

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* Applying each of these factors to the circumstances of this case, the proposed settlement falls well above the lowest point in the range of reasonableness, and accordingly should be approved. The settlement is the product of arms' length, good faith negotiations between the Parties, including exchange of discovery and correspondence, legal theories, and other matters advanced by each Party in support of its position. The probability of the Debtor's success in defeating Campo's negligence claim is uncertain, and the Debtor bears the risk that Campo could obtain an even higher recovery at trial, potentially above the Debtor's insurance coverage limits.

17.     Collection concerns do not exist in this case. The purpose of the Agreement is to protect the Estate from the cost of the litigation, and limit Campo's recovery to available insurance coverage. The cost savings achieved by the Parties' resolution weighs heavily in favor of settlement. Finally, the Agreement is in the best interest of creditors because it reduces administrative costs and eliminates a significant claim without depleting estate assets.

### E.     Conclusion

18.     In an exercise of the Debtor's sound and prudent business judgment after consultation with counsel, the Debtor believes this settlement is a reasonable compromise of the State Action. The Debtor asserts that the proposed settlement satisfies all four of the *Justice Oaks*

9372597-1

*II* factors, and falls well above the lowest point in the range of reasonableness. Accordingly, the Debtor respectfully requests that Court enter an order approving the Agreement.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order, substantially in the form attached as **Exhibit B**: (a) granting this Motion; (b) approving the Agreement; and (c) granting such other relief as the Court deems just and proper.

Dated: October 30, 2019          Respectfully submitted,

          BERGER SINGERMAN LLP
          *Counsel for Debtor and Debtor-in-Possession*
          1450 Brickell Avenue, Ste. 1900
          Miami, FL  33131
          Telephone: (305) 755-9500
          Facsimile: (305) 714-4340

          By:   */s/ Paul A. Avron*
               Jordi Guso
               Florida Bar No. 863580
               jguso@bergersingerman.com
               Paul A. Avron
               Florida Bar No. 50814
               pavron@bergersingerman.com

9372597-1

# **EXHIBIT A**

# **(Agreement)**

7

# General Release

**KNOW ALL MEN BY THESE PRESENTS** that **ARMANDO CAMPO** (his) heirs, assigns, legal representatives, successors and personal representatives, hereinafter referred to as the Releasing Parties for and in consideration of the total sum of ███

███████████████████████████████████████████████████████

███████████, receipt of which is hereby acknowledged, have released, acquitted, and discharged, and by these presents do hereby release, acquit, and forever discharge **MUNILLA CONSTRUCTION MANAGEMENT, LLC, n/k/a Magnum Construction Management, A Florida Limited Liability Company,** and its insurers, all of their parent corporations, subsidiaries, and affiliates, including all officers, directors, and employees, past and present, any reinsurer or insured thereof, and employees, their respective administrators, successors, assigns, employees, agents, attorneys, officers, directors, and representatives, hereinafter referred to as the Released Parties, of and from any and all claims, actions, causes of action, damages or demands, both compensatory and punitive, in whatever name or nature, in tort, in contract or by statute, in any manner arisen, arising, or growing out of any and all damages, expenses, or losses sought or claimed, of whatever name or nature, past, present, or future, which in any way arise out of or were the result of an accident occurring on or about **October 21, 2016** within **Port Everglades, Fort Lauderdale, Broward County, Florida. This settlement is contingent upon approval of the United States Bankruptcy Court for the South District of Florida, Case No. 19-12821-AJC, before which Magnum Construction Management, LLC's chapter 11 bankruptcy case is pending by entry of an order that is final and non-appealable.**

This release covers any and all claims of the Releasing Parties for pain and suffering past, present and future, permanent disability, bodily injury, loss of earnings, loss of earning capacity, surgery, past, present, and future, hospital and medical

expenses, expenses of any health care providers, pharmaceutical or drug expenses, whether past, present, or future, and all other claims of consequential damages and expenses which have arisen, arise, or which may hereafter arise out of the incidents or matters which were alleged in, or could have been alleged in **ARMANDO CAMPO vs. MUNILLA CONSTRUCTION MANAGEMENT, LLC (Case No CACE-19-003947 (09))** in the Circuit Court in and for **Broward County, Florida**. Further, the Releasing Parties hereby agree to indemnify, save, defend, and hold harmless the Released Parties from any and all claims, subrogated interests, or liens of any third parties including, but not limited to Medicare or Medicaid, the United States, the State of Florida, any governmental entity lien, past and future, hospital and physician's liens, workers' compensation liens, health care liens or subrogation rights, attorney's fee, charging liens, any local county, city, state or federal government liens, Internal Revenue Service liens, and any and all other subrogated interests or liens, regardless of their source. The Releasing Parties acknowledge that it is their responsibility to satisfy any of the foregoing liens or subrogated interests from the proceeds of this settlement.

As a condition of and to induce settlement, the Defendant(s) and (their/its) insurer(s) have requested and Plaintiff and their counsel have agreed to determine if Medicare (hereinafter CMS and includes Part C Medicare Advantage Organizations (a/k/a MAO) and/or Medicaid [all collectively referred to as CMS] has any past or future lien interest, and if so, to take all necessary steps to satisfy such liens, past and future. The settlement is based upon a good faith determination of the parties in order to resolve a questionable claim. The parties have attempted to resolve this matter in compliance with both state and federal law and it is believed that the settlement terms adequately consider Medicare's interests and do not reflect any attempt to shift the responsibility of treatment to Medicare. The purpose of this settlement is to resolve a disputed claim. This settlement is intended to compensate ARMANDO CAMPO for past medical expenses, pain and suffering, and loss of enjoyment of life for his injuries he

alleges to have resulted from the incidents alleged in ARMANDO CAMPO v. MAGNUM CONSTRUCTION MANAGEMENT LLC (Case No. CACE-19-003947 (09)) in the Circuit Court in and for Broward County, Florida. Mr. Campo's last treatment for the injuries alleged in the aforementioned legal claim was October 27, 2017. Mr. Campo does not anticipate future medical treatment related to the injuries alleged in the aforementioned legal claim.

If Medicare has a lien or has made payments of Medicare benefits, Plaintiff will do the following:

1. **Reporting:** Plaintiff agrees the settlement will be reported to the Center for Medicare Services (CMS) and determine whether the Plaintiff is a Medicare beneficiary or Medicare eligible as defined by 42 U.S.C. Section 1395(y) and 42 C.F.R. Section 411.25 (hereinafter the Medicare Secondary Payer Statute). Plaintiff will notify Defendants in writing if CMS has a lien, reporting or set aside requirement and provide the releasor's full address, Social Security Number, date of birth, gender and if available, their Medicare Health Insurance Claim Number (HICN). Provision of this information is a condition of settlement and spaces are provided at the end of the release for compliance. Plaintiffs agree that defendant or its insurer may also report the settlement to Medicare and consent to such reporting and agree to cooperate fully with the defendant and its insurer with respect to such reporting. The parties agree that any present or future action or decision by Medicare on this settlement or Plaintiff's eligibility or entitlement to Medicare benefits in the future, will not render this release void or ineffective, or in any way affect the finality of this settlement. Plaintiff agrees the following information may be reported to Medicare:

FULL NAME ON SOCIAL SECURITY CARD: _ARMANDO   CAMPO_

SOCIAL SECURITY NUMBER: ███████████

DATE OF BIRTH: ██████ _1954_

GENDER: _MALE_

MEDICARE HEALTH INSURANCE CLAIM NUMBER (HICN): _NONE_

2. **Conditional Payment Liens:**  Plaintiff further covenants and agrees that if CMS or a  Medicare Advantage Organization (hereinafter MAO) has made conditional payments and/or has a lien and/or is expected to make future payments prior to closing, Plaintiff agrees not to disburse the settlement funds until (he/she/they) (has/have) (i) reported the settlement to CMS; (ii)  obtained a *Conditional Payment Notice and Demand Letter; (iii)* fully paid and satisfied the Medicare lien; and (iv) obtained proof of iii by faxing Defendant(s) the *Final Payment, Reimbursement and Recovery Demand Letter.*  Plaintiff agrees that the released parties may elect to pay CMS or MAO lien directly from the settlement funds. Plaintiff acknowledges CMS may charge interest on any additional payments not made within 60 days and Plaintiffs agree to be responsible for such interest should it accrue.

3. **Medicare Set Asides:**  It is further expressly understood and agreed, to the extent applicable, Plaintiff agrees to set aside funds necessary to pay for any anticipated future medical and/or health care needs of Plaintiff, for any injury and/or condition that requires treatment that arises from the injuries related and/or caused by the accident in question.  Plaintiff has conferred with their medical experts to determine the amount necessary to set aside and self administer for anticipated future medical expenses or healthcare needs.  Plaintiff agrees to set aside $_____ of the settlement for these purposes and notify Medicare that these funds have been set aside.  If an LMSA or Medical Cost Projection was done, the amount stated therein shall be set aside.  Any LMSA or Medical Cost Projection is hereby incorporated by reference into this agreement. Alternatively, if nothing has been set aside for future costs it is because Plaintiff has covenanted that he does not reasonably anticipate that he will require medical and/or health care treatment for the injuries and/or conditions related and/or arising from the accident in question and to the extent he does, he will use the net settlement proceeds for related costs if they are incurred.

4. **Cooperation and Indemnity:**  Plaintiff and his counsel agree to fully cooperate with the Defendant(s) and CMS at Plaintiff's own expense with respect to these provisions, including production of documents or information or preparation of a Medicare set aside.  Plaintiff agrees to execute any authorizations required by Defendant, his insurer(s) or CMS for purposes of complying with these paragraphs. Plaintiff and his counsel understand that these conditions are a basis of the settlement and Plaintiff's counsel agrees to the above terms.  Plaintiff acknowledges that additional reimbursement may be due to Medicare and as such remain obligated to Medicare for any such additional payments.  Plaintiff agrees    to    hold    harmless    and    indemnify    the    Defendant(s)    and

(his/her/their)insurers, including their own negligence, from and against any and all liens, interest, damages, including costs and attorney's fees, for Plaintiff's failure to comply with the terms of this release, for plaintiff's failure to reimburse Medicare or any Medicare Advantage Organization (MAO) and for any action taken by Medicare to determine the validity of this release, the validity of any reimbursement, the validity of any lien or validity of any set aside (self allocated or otherwise).

The Releasing Parties further agree to release, acquit and forever discharge the Released Parties for any claim or claims for bad faith or extra-contractual damage claims of any nature arising out of the investigation, claims handling and/or adjustment of claims arising from the **October 21, 2016** accident. The Releasing Parties specifically acknowledge and agree that this release shall operate to release all such claims, whether or not the same were specifically litigated in Case No. **CACE-19-003947 (09).**

The Releasing and Released Parties further agree that the amount being paid to **ARMANDO CAMPO** shall remain **CONFIDENTIAL**.

***ALL PARTIES TO THIS GENERAL RELEASE ARE TO BEAR THEIR OWN RESPECTIVE ATTORNEY'S FEES AND COSTS.***

It is understood and agreed that the payment made herein is not to be construed as an admission of any liability by or on behalf of the Released Parties; but, instead, the monies being paid hereunder as consideration for this release are being given in order to avoid litigation, the uncertainties stemming from litigation, as well as to protect and secure the good name and good will of the Released Parties.

To secure this settlement and the payment of the aforesaid sum, the undersigned hereby declare(s) that he is of the legal age and that he relied wholly upon his own judgment, belief, and knowledge of the nature, extent, and duration of his injuries, disabilities and damages and that no representations or statements about any such claims, past, present, or future, made by any physician, agent, adjuster, attorney, or employee of the Released Parties, or their insurers, have influenced the undersigned in making or induced the undersigned to make this settlement.

It is further acknowledged that there is no agreement or compromise on the part of the Released Parties to do or forego any act or thing not herein mentioned and that the within consideration is in full and complete settlement of any and all claims, damages, or demands of the undersigned against the Released Parties arising from or out of any and all matters referenced in this release.

> I HAVE READ THIS GENERAL RELEASE AND HEREBY ACKNOWLEDGE THAT I UNDERSTAND AND ACCEPT ALL OF THE TERMS AND CONDITIONS THEREIN AND THAT I HAVE DONE SO WITH THE ADVICE OF MY COUNSEL, **ALEXANDER BAISDEN, ESQ**.
> WITNESS MY HAND AND SEAL THIS 29 DAY OF _oct._, **2019**

**CAUTION READ BEFORE SIGNING!**

_____
Witness

_____
Witness

_____
Armando Campo

**STATE OF FLORIDA**          )
                             :SS
**COUNTY OF**                 )

SWORN TO and SUBSCRIBED before me by **ARMANDO CAMPO** who is personally known to me or has produced ( ▉▉▉▉▉▉▉▉▉▉▉▉ ) as identification and who did/did not take an oath and verified that she executed the foregoing General Release for the purposes expressed therein.

DATED this 29th day of _October_, **2019**

Michele Baptiste
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF947108
Expires 2/25/2020

NOTARY PUBLIC, State of Florida
_____
Signature of Notary Public
Typed or Printed Name of Notary Public
My commission expires

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:                                                    Chapter 11 Case

MAGNUM CONSTRUCTION MANAGEMENT,          Case No.: 19-12821-AJC
LLC f/k/a Munilla Construction Management, LLC,1

    Debtor.

_____/

### ORDER GRANTING DEBTOR'S MOTION TO APPROVE COMPROMISE
### OF CONTROVERSY WITH ARMANDO CAMPO

**THIS MATTER** came before the Court, without a hearing, upon the *Debtor's Motion to Approve Compromise of Controversy With Armando Campo* [ECF No. _____], filed by the Debtor, Magnum Construction Management, LLC, f/k/a Munilla Construction Management, LLC (the "Debtor"), filed pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9019, and Local Rules 9019-1 and 9013-1(D)(3)(b), for entry of an order approving the Debtor's settlement agreement (the "Agreement") with Armando Campo.   The Court, having considered the Motion and the Agreement attached thereto as Exhibit "A", and, having noted that the Debtor, by submitting this form of Order, has represented that the Motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the Debtor, a response to the Motion, and that the form of Order was attached as an exhibit to the Motion.   The Court finding that the settlement is in the best interest of the Estate, and that good cause exists for its approval, does thereupon

    **ORDER** as follows:

9372597-1

1.    The Motion is **GRANTED**.

2.    The Agreement is **APPROVED** in all respects.

3.    The Parties are directed to take any and all action and execute any and all

documents necessary to effectuate the terms of the settlement.

4.    The Court reserves exclusive jurisdiction to interpret and enforce the terms of the

Agreement.

# # #


Submitted by:
Jordi Guso, Esq.
Paul A. Avron, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Tel. (305) 755-9500
Fax (305) 714-4340
Email:  jguso@bergersingerman.com
Email:  pavron@bergersingerman.com

Copies furnished to:
Jordi Guso, Esq.
*(Attorney Guso is directed to serve a signed copy of this Order upon all interested parties and to file a Certificate of Service with the Court.)*

9372597-1